Judge Simpson
delivered the opinion of the Court.
This action of ejectment having been decided, on the first trial in the Circuit Court,' in favor of the present appellants, who were the defendants in that Court, the judgment of the Circuit Court was reversed, and the cause remanded for a new trial. The opinion of this Court reversing the judgment, is reported in 5 B. Monroe, 471, and contains a statement of the matters involved in this controversy.
Upon the return of the cause to the Circuit Court, a trial was had, and a verdict was again obtained by the defendants. The Court, upon the plaintiff’s motion, granted them a new trial, and upon the next trial the plaintiffs recovered a judgment for all the land in contest, except that contained in the deed for eighty-four acres. From this last judgment the defendants have appealed, and the plaintiffs have assigned cross-errors, calling in question the validity of the deed from Gregory and wife to Mitchell for the eighty-four acres.
The right of the appellant to a reversal of the judgment, depends mainly upon the legality of the authentication of the deed from Gregory and wife to Mitchell for the two hundred and fifty-two acres. The deed, as stated in the former opinion, is dated in 1808. In 1815 it was acknowledged by Mrs. Gregory before the Clerk of the Nelson County Court, in which county Gregory resided, and upon a certificate by said Clerk *176 of her acknowledgment endorsed on the deed, and proof by two attesting witnesses before the Clerk of the Shelby County Court, in which latter county the land is situated, of the execution of the deed by Gregory, it was admitted to record in the office of the Shelby County Court. Evidence was introduced upon the trial conducing to prove a delivery of the deed by both Gregory and wife in 1815, at the time it was acknowledged by the wife before the Clerk of the Nelson County Court, but this evidence was excluded by the Court upon the motion of the plaintiffs.
The statute of 1810 (2 Slat. Law 447) deeds may be acknowledged or proved before any County Court Clerk, and upon being duly certified may be recorded in any county ■where the land lies, and the Clerk receiving the acknowledgment or proof may receive the acknowledgment ■of_ the wife or privy examination, which being duly certified will pass her title.
*176 In the former opinion, it was held, that although a deed cannot take effect by every delivery, and if it take effect by the first delivery, a second delivery is void; yet as this deed did not take effect according to its intent and purpose in 1808, there having been no valid delivery, by the wife at that time, that it might be perfected by the subsequent delivery of both husband and wife, and that if recorded, with the proper certificates, within due time after such subsequent delivery, it would be effectual to pass the title and interest of both, according to its tenor. The exclusion of the testimony introduced to prove a delivery of the deed, by both husband and wife in 1815, was, therefore, improper, unless the certificate’of the Clerk of the Nelson County Court was insufficient to authorize the deed to be recorded in the county of Shelby. It is contended that the certificate is void, because the Clerk in Nelson was not authorized, by law, to take the acknowledgment of the wife, as he did not receive the acknowledgment or proof the execution of the deed by the husband.
By the act of 1810, (1 Stat. Law, 447,) deeds may be acknowledged or proved in the office of any County Court, before the Clerk thereof, and being duly certified, are authorized to be placed upon record in the office of the County Court of the county in which the land lieth; and the Clerk receiving the acknowledgment or proof of the deed, as the case may be, is empowered to take the acknowledgment of the wife, on privy examination of the person making the deed, and that be« *177 jng duly certified with the deed and recorded, transfers her estate or dower in the land, as fully as if the examination had been made by the Cleric in whose office the deed shall be recorded.
By a fair construction of the statute of 1810, a Clerk of any County Court may take the relinquishment of a feme covert on. privy examination, though he shall not take the acknowledgment or proof of its execution by the husband.
The object of this statute was to enable other County Court Clerks, besides the one in which the land lieth, to take the acknowledgment of deeds. As the law was understood, at the time of its passage, deeds could be proved or acknowledged before no other Clerk but the Clerk of the County Court of the county in which the land was situated. But that Clerk was authorized to receive proof of the execution of the deed by the husband, and in such a case to take the acknowledgment of the wife on privy examination, or to take the acknowledgment of both husband and wife.
The Legislature, intended by the statute, to produce a salutary change in the law, that would remove some of the inconveniences under which the grantors in deeds labored in having them legally authenticated, and that would furnish additional facilities to the execution of deeds by married women. To accomplish this object, a liberal construction should be given to the statute — one that tends to promote and not to defeat this legislative intention. The statute authorizes the Clerk of any County Court to take the acknowledgment, or receive the proof, of the execution of the deed by the husband, and also to take the acknowledgment of the wife. This provision, however, should not be construed, as making the power of the Clerk to take the acknowledgment of the wife, depend upon his receiving the acknowledgment or proof of the execution of the deed by the husband, but as indicating the officer who might take the acknowledgment of the wife to a deed executed by her and her husband, and prescribing the mode in which it is to be done to render the transfer ■of her estate effectual, and specifying one of the cases to which the provision would apply. The only pre-requisite, contemplated- by the statute, is the execution of the deed by the husband, and not its acknowledgment or proof of its execution by the husband- be *178 fore the same Clerk. There does not seem to be any satisfactory reason, why the acknowledgment of the Wife, before a Clerk of a different county than that in which the land lies, properly certified, should not be valid when the deed shall have been duly executed by the husband, and recorded with the certificate thereon, according to law, upon its acknowledgment or proof of its execution by him, either before the same Clerk or the Clerk of the County in whose office the deed is required to be recorded. Either of the Clerks have, according to any construction of the statute, power to take the full acknowledgment of' the deed by both husband and wife. The power to do all, necessarily implies the power to do each and every part. The Clerk, whose duty it is to record the deed, may take the acknowledgment of the wife, although the execution of the deed, by the husband, be only proved before him by witnesses, or his acknowledgment be certified by another Clerk. The County Court Clerks are, in this respect, all placed by the statute on the same footing, and those in other counties have the same power to take the acknowledgment of deeds, as well those executed by femes covert, as all others that the Clerk has, in whose office the deeds have to be recorded.
It would be difficult to suggest any reason for requiring the acknowledgment of the deed by both husband and wife, to be made before the same tribunal or the same Clerk, unless it be to satisfy the officer taking the acknowledgment of the wife-, that the deed is made with the consent and co-operation of the husband. But as the statutes upon this subject, prior to the statute of 1848, seem to contemplate and give effect to a joint deed only, the execution of a deed by the husband, purporting to be the deed of himself and his wife, must be regarded as sufficient evidence of his concurrence in the act of his wife. And as the joint deed cannot be admitted to record unless its execution by the husband be proved or acknowledged, and as the acknowledgement of the wife is ineffectual, and does not operate to divest her of her estate, unless the deed be duly record *179 ed, this reason would not seem to make it necessary that the deed should be acknowledged by both husband and wife before the same officer. The object of the law in requiring a separate and privy examination of the wife, will evidently be more fully and certainly attained, by her acknowledgment having been made before one officer, and that of her husband before a different one, than if the deed should be acknowledged by both of them at the same time before the same tribunal. Indeed the true spirit of the law, would seem to be more fully complied with, where the deed is acknowledged by the husband at one time, and by the wife at another, even when done before the same officer, than where the acknowledgment is made by both at the same time.
We are disposed to give a liberal construction to-this, and other statutes upon the same subject, having in the exposition which we give, a greater regard to-the real object and design, than to the strict letter of the law, with a view to sustain rather than destroy titles derived from femes covert. These laws have been enacted by the Legislature from time to time, for the convenience of the citizen, and to give increased facilities to the transfer of real estate, and should not be fettered in their operation by a restricted and literal construction, tending to subvert, rather than to advance this object. The act of 1810 was obviously intended to be a remedial statute, to enable the grantors in a deed, to acknowledge its execution in any county in the State, and to dispense with the necessity of having it recorded in any other county than that in which the land lies. It expressly authorizes a Clerk to take the acknowledgment of the wife, in cases where he receives proof of the execution of the deed by the husband. In such cases it is perfectly evident, the acknowledgment of the wife, made even when her husband is absent in another county, is legal and valid. As proof of the execution of the deed by the husband is all that is necessary to impart validity to the acknowledgment made by the wife, there seems to be no imaginable: *180 reason why this effect shouldnotbe produced by proof of this fact, before the clerk where the deed has to be recorded. We are therefore of the opinion, that the acknowledgment of the deed by Mrs. Gregory before the Clerk of the Nelson County Court, and the proof of its execution byher husband before the Clerk of the Shelby County Court, authorized it to be admitted to record.
ífeeás are presumed to have been delivered at their date; but a delivery at a subsequent day may he proved. A valid delivery must precede an acknowledgment, (6 Litt. 465: 7 J. J. M. 120) & acknowledgment is prima facie evidence of delivery on the day of the date — tho’ other evidence may be adduced to show the actual time of delivery.
The statute requires deeds to be recorded -within a prescribed lime after delivery, not after date.
But it is contended, that nothing short of official record evidence is sufficient to prove a delivery of the deed in 1815, inasmuch as it bears date in 1808 ; and as neither the Clerk of Nelson, in certifying the acknowledgment by the wife, or the Clerk of Shelby, in certifying the proof of its execution by the husband, stated that a delivery of the deed had been made by the grantors at that time, that the authentication is not legal, and that the parol testimony which was offered and excluded, was insufficient to make the conveyance operate as a valid transfer by Mrs. Gregory.
The delivery of a deed is always presumed to have been made on the day of its date, and its subsequent acknowledgment does not change this presumption, but the delivery may be proved to have occurred at a different time. As, however, a delivery is necessary to the validity and complete execution of a deed, it must have been made before the deed can be acknowledged; McConnell vs Brown, (6 Litt. 465,) and Speed vs Brooks, (7 J. J. Marshall, 120.) But the law does not require the Clerk to ascertain or to certify the time of the delivery, and as the acknowledgment is only evidence of an antecedent delivery, and the date of the deed is only prima facie evidence of the time, other ev-, idence is admissible to prove the time when the delivery was actually made.
The statutes do not require a deed to be recorded, or lodged for record, within a prescribed time after its date, but after its delivery. If, then, the deed under consideration was delivered by the grantors in 1815, and duly acknowledged, or proved, and recorded, it is effectual to transfer the title of Mrs. Gregory; and parol evidence is admissible to prove th.e time of its delivery. *181 The objection made to the testimony upon the ground. that the evidence of the attesting witnesses is the only legal testimony on this point, cannot be sustained, because it was proved that the attesting witnesses were dead. The question as to the admissibility of parol evidence to prove the time of delivery, was virtually decided when the case was formerly before this Court, and the opinion the Court then delivered,• is in accordance with the views now expressed, and with what we believe to be the true doctrine on the subject.
Whether the deed was delivered by Gregory and wife in 1815, was a question of fact to be tried by the jury. The Court, therefore, erred upon the last trial,* in excluding the evidence upon this point, and the-judgment will have to be reversed. But it is contend-ed by the plaintiffs in error, that instead of awarding a new trial, this Court should direct the Circuit Court to-render a judgment on the first verdict upon the ground that it improperly granted a new trial, on the motion of the plaintiffs in the Court below.
On the first trial a witness testified that Mrs. Gregory died in the lifetime of her husband, and that her husband had died about eight or nine years previous to the time of the trial. The husband having been tenant by the curtesy, the plaintiff’s right of action did not accrue until his death, and it was, therefore, incumbent on the plaintiff to prove that his death had occurred prior to the date of the demise, which was more than eight, but less than nine years, previous to that time. The testimony of the witness as to the time of Gregory’s death, being uncertain and indefinite, the verdict of the jury, for this cause, was rendered for the defendants. One of the lessors of the plaintiff, filed an affidavit, stating that he, as the agent of the other lessors', had been the sole manager of the suit on the- part of the plaintiff; that the witness who testified on the trial, in reference to the time of Gregory’s death, had informed him, previously, that he knew and would testify that Gregory had died in October 1838, before the date of the demise in plaintiff’s declaration, and that *182 g°ne ^nto trial, believing the witness would prove the fact to be so. He also stated in the affidavit he could prove by Alfred Swope that Gregory died in October 1838, that the witness wl}0 testified on the trial, resided in Nelson County, and had gone home before the jury brought in their verdict, so that he had not obtained his affidavit, but if deemed necessary and required by the Court, he would procure it.
The principles peais°Uin °fxevPiments^fVe Cuverraíin?14 ^o' tions for new taiorous^Tnd ^e-grounds to *be oute tollyjustffy a reversal than those whichjpwhere anewtngranted.
The affidavit of A. Swope was not filed, but his evidence on this point upon the last trial, is contained in the bill of exceptions. He proves the death of Gregory to have occurred in October 1838, before the date of the demise.
The first verdict was given obviously without a trial of the merits of the case. The probabilities all went to establish the death of Gregory before the date of the demise. The testimony of the witness on this point, wou^ ^ave been sufficient to have sustained a verdict for the plaintiffs. The certainty of the fact was made apparent on the subsequent trial. The affidavit filed uPon the new trial was granted, taken in connec^on with the evidence that had been given upon the trial, could leave no reasonable doubt that the death of Qreg01,y had occurred before the date of the demise, jt being evident that the cause had not been fully and fairly tried upon its merits, a new trial ought to have been awarded. The principles which govern in revising the judgment of the Court below, overruling a motion for a new trial, are more rigorous, and require the grounds, in favor of a new trial, to be more fully made out and sustained, to justify a reversal of the judgment, than those which apply to cases where a. new trial has been granted. In the last mentioned cases, the action of the Court upon the subject, will not be disturbed, although the rules of law applicable to-granting new trials, have been, in some degree, relaxed, if it be apparent, as it was in this case, that the new trial was necessary for a determination of the justice of the cause upon its merits.
A deed once passed upon by the Conrt of Appeals, and held to be valid, cannot be again questioned, tho’ the case be again before the Court of Appeals — argu.
It is contended upon the cross-errors assigned, that the Circuit Court erred in deciding that the deed for eighty-four acres was valid, and transferred to the vendee the title of the wife. In the former opinion of the Court, delivered in this case, the authentication of this deed, upon the objections then made to it, was considered sufficient; and it having been decided, upon the trial in the Circuit Court, that the title of the wife passed by it to the purchaser; that decision was held to have been correct. The deed is now presented in exactly the same condition it then was. Can its validity be again called in question, and other objections made to its authentication that were not then urged? We are decidedly of the opinion that this cannot be done. It is a matter adjudicated upon, and no longer open for inquiry between these parties. Suppose the eighty-four acres, contained in this deed, had been alone in contest, and the Circuit Court had decided, as it did, that the deed was valid, and the judgment of the Circuit Court had been affirmed by this Court, as would have been done, would not the point have been conclusively settled between the parties? Should not the same effect be given to the decision in the form it was made? Or suppose the deed to have been held to be insufficient in the Circuit Court, and the judgment of that Court had been reversed upon the ground that it had erroneously decided that point, could the question of the legality of the authentication of the deed, after a trial and decision in the Circuit Court, in conformity with the opinion of this Court, be again raised and discussed? Clearly not; nor does the fact, that other matter's were involved in the controversy, which had to be tried by the jury, alter in any degree the legal and conclusive effect of the decision in reference to the sufficiency of the authentication of the deed, which depended on what appeared on the deed itself, and had to be determined by the Court and not by the jury.
But the objection now urged to the authentication of the deed for eighty-four acres, is ¡the same that was made to the deed for two hundred and fifty acres, that *184 we have already considered. Both deeds were acknowledged by the wife before the Clerk of Nelson county, and their execution, by the husband, proved before the Clerk of Shelby county. As this objection applied to both deeds, and as the deed for eighty-four acres, was, in the former opinion, determined to be so authenticated as to transfer the estate of the.wife in the land, it was virtually overruled on that occasion. But as this objection to the authentication of the deed, cannot be sustained according to the construction given to the statute of 1810, in this opinion, it is not material whether the parties are to be regarded, as concluded by the former opinion or not.
Craddock and McHenry for appellants; Robertson and B. A. Monroe for appellees.
Wherefore, the judgment is reversed, and cause remanded for a new trial, in conformity with the principles of this opinion.