*Brinkerhoff, J.
The complainant, Phillis Williams,-claims *512 dower in the undivided two-thirds of a lot of ground, No. 155r as designated upon the original plat of the city of Cincinnati, situated at the- northwest corner of Walnut and Columbia streets in. said city, by virtue of a deed executed by Joshua L. Wilson and Oliver M. Spencer, as executors of the last -will, etc., of complainant’s uncle, John Eidd, deceased, to her husband, Lewis Williams, deceased, of which said lot No. 155, the lot in complainant’s bill described, is a part. Said deed from Eidd’s executors to JLiewis Williams, bears date September 10, 1820 ; and as respondent claims title under a deed from said Lewis Williams, there is no dispute but complainant is entitled to dower in said premises, as claimed in her bill,'unless she has, by her own voluntary act, in due form of law relinquished it.
Respondent, in his answers, claims that the petitioner is barred of her dower:
1. By the statute of limitations.
2. By the deed of release from Lewis Williams and complainant, to Elijah Pearson, dated September 7, 1820, and purporting to have been acknowledged by respondent on the 11th September, 1820.
•3. That he is an innocent purchaser without notice.
To the first claim set up in bar, complainant says, that Lewis Williams, her husband, died on or about the 11th day of August, A. d. 1831, and this suit was commenced on the 8th of June, 1849.
To the second claim set up in bar, complainant says, that if this-deed, purporting to be from Lewis Williams and complainant, to Elijah Pearson, was executed at all, it was under the act of the 24th of February, 1820 (2 Chase’s Statutes, 1139, sec. 2), which provides that all *deeds, etc., “ shall be signed and sealed by the [512 husband and wife, and the signing and sealing thereof shall be acknowledged by them in the presence of two subscribing witnesses, who shall attest the acknowledgment of such signing, and also be acknowledged before a judge of the court of common pleas, or a justice of the peace, and the judge or justice taking such acknowledgment, shall examine the wife separate and apart from her said husband, and shall read or otherwise make known,to her the contents of such deed, etc., and if upon such examination she shall declare she voluntarily and of her own free will and accord, without force or coercion of her said husband, did, and now doth acknowledge the signing and sealing thereof, the said judge or justice shall certify the same, together with the acknowledgment of *513 the husband on the same sheet on which such deed, etc., shall be printed or written, subscribing his name and affixing his seal to said certificate,” etc.
And the certificate of acknowledgment purporting to be that of complainant, as set forth in said deed, by said respondent, and following that of her husband made on a previous day, is as follows:
“ The State of Ohio, Hamilton County, ss.
“ Before me, John Mahard, a justice of the peace; in and for said county, porsonally appeared Phillis Williams, wife of Lewis Williams, the within grantor, who being examined separate and apart from her husband, deposed that she voluntarily and of her own free will and accord, without any fear or coercion of her husband, did, and now doth' acknowledge the signing and sealing thereof. In witness whereof, I have hereunto set my hand and seal, this 11th day of September, 1820.
(Signed,) “John Mahard, J. P. [l. s.]”
1. The bar of the statute of limitations being clearly negatived 513] *by the proof, and not relied on in argument, we come at once to consider the principal question in the case, which is, was the deed of conveyance of the 7th September, 1820, from Lewis Williams and his wife, the present complainant, to Elijah Pearson, under whom the defendant claims title, duly executed, so as to bar the complainant’s right of dower in the premises described in it ?
The statute prescribing the manner of executing deeds of conveyance, in force at the time of the making of this deed, provides, as we have seen, that all deeds, etc., “ shall be signed and sealed by the husband and wife, and the signing and sealing thereof shall be acknowledged by them in the presence of two subscribing witnesses, who shall attest the acknowledgment of such signing,” etc.; and the attestation of the witnesses to this deed is, “ sealed and delivered in presence of us, Peter Britt, John Mahard ’’ — there being no express mention of the signature.
In Lessee of Fosdick v. Risk, 15 Ohio, 107, 108, this was held to be a sufficient attestation ; and we think with reason.
The act or the acknowledgment of sealing fairly imports and includes an acknowledgment of the signing also ; and to hold otherwise would open a door to frauds too monstrous to be tolerated.
The signature and sealing of the deed purport on its face to be the simultaneous and joint acts of both husband and wife; ic is duly attested by two witnesses; and, in the absence of satisfactory *514, 515 proof to the contrary, we will presume that the attestation is true. That the certificate of the justice of the peace taking the ac-> knowledgment of the deed is sufficient, although it fails to state that he read or otherwise made known to the wife the contents of the deed, is settled in Chestnut v. Shane’s Lessee, 16 Ohio, 599, and Card v. Patterson, decided at the last term of this court, and not yet reported.
*But it is contended, by complainant’s counsel, that the [514 husband and wife should both have been present at the time they acknowledged the deed, and that a joint as well as a separate acknowledgment by the wife, is necessary to give the deed validity so far as she is concerned. And in this case no such joint acknowledgment appears, to have been made. The only acknowledgment by the wife was - at a subseqirent time, and when the husband was not present.
We can see nothing in the phraseology of the law which requires a joiur acknowledgment of the deed by husband and wife. The language of the second section, which regulates acknowledgments by husband and wife, is identical with the language of the first section, which regulates acknowledgments generally. In both, the words are, “ such signing and sealing shall be acknowledged by them, in the presence of two subscribing witnesses, . . . and also be acknowledged before a'judge,” etc. As well may it be contended that, where there are two grantors, not husband and wife, their acknowledgment must be joint, and must be certified accordingly, as to apply the same rule to husband and wife. There is equal warrant (so far as the language of the statute is concerned) for either claim. The argument for a joint acknowledgment of the deed, by husband and wife, must rest upon some ground of policy or rule of law other than the letter of the statute.
Is there any such rule either of policy or law ?
The wife’s separate deed is void. To give it effect, the husband must join in it. For wvhat purpose, but to express his assent to the conveyance? And his assent is expressed no more completely by appearing, together with his wife, to acknowledge the deed before a magistrate, than it is by acknowledging it separately. It is enough, that ho joins in it as grantor.
■ To give effect to the wife’s deed, she must also acknowledge it ^separately from her husband. We can see no other possible [515 obiect of this provision of our law, but to protect the wife from the *516 influence of the husband. And such is tho plain declaration of tho-statute, which requires her to acknowledge that she executed the deed “ without fear or coercion of her husband.”
And this end is quite as effectually accomplished where the acknowledgment of the husband and wife is taken separately, as when the acknowledgment of both is first taken jointly, and then that of the wife separately.
The officer taking the acknowledgment in this case, literally complied with the requirements of the statute, in certifying the acknowledgment of the wife, together with that of the husband, on the same sheet on which the deed was written or printed, etc.; and we can see no reason, either in the language or policy of the statute, why a joint as well as a separate acknowledgment should be required. And, in this view of the case, we are supported by the cases of Montgomery v. Hobson, Meigs, 437, and Ford v. Gregory’s Heirs, 10 B. Mon. 175, both of which present strong proofs of analogy to the present case.
2. In the second place, it is alleged, by the complainant, that she was fraudulently entrapped into the signing of the deed to Pearson; that she never did, in fact, acknowledge it in any manner; and that the certificate of acknowledgment is false and fraudulent.
On this point it is only necessary to say that the proof does not satisfy us of the truth of these allegations. Britt, one of the witnesses to tho deed, swears, in effect, simply that he does not recollect tho execution of the deed by any one, nor the attestation by himself. Having never seen the deed, after its execution, and it not being before him at the time his testimony was taken, bis forgetfulness, after the lapse of so long a time, is in no way remark-516] able. *A daughter of the complainant undertakes to impeach the attestation and acknowledgment, by a somewhat minute detail of facts and conversations occurring more than thirty years’ prior to the time her testimony was taken, and the manner of her testimony is not such as to strengthen our confidence in tho accuracy of her memory. The fact, too, that the complainant slept on her claim some eighteen years after the death of her husband, affords at least some ground of presumption against its validity.
The conclusion of law and fact, to which we have already arrived, render it unnecessary to examine the other questions made in the argument. “ Bill dismissed.
Bartley, C. J., and Swan, Bowen, and Scott, JJ., concurred.