## Combs v. Jent.

(Decided May 6, 1915.)

Appeal from Perry Circuit Court.

Wills—Limitation on Probate—Exception in Favor of Infant.— Under Section 2522, of the Kentucky Statutes, a will must be offered for probate within ten years from the time it could have been probated, but if the person offering the paper for probate was an infant when the right to probate accrued, limitation does not begin to run against him until after the expiration of ten years from the time he became of age.

C. W. NAPIER, J. K. P. TURNER and MILLER & WHEELER for appellant.

J. B. EVERSOLE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is a contested will case. The bill of evidence has heretofore been stricken from the record, and so the only question before us arises on the plea of limitation that was made in pleadings that were filed in the circuit court. It appears from these pleadings that Franklin Grace, the testator, died in 1895. In the paper purporting to be his last will, he gave all of his property to his wife, and at her death to the appellee, John F. Jent. This paper was first offered for probate by John F. Jent in the Perry County Court in 1911, and its probate rejected. From the order of the county court refusing probate an appeal was prosecuted to the circuit court, and upon a trial before a jury, there was a verdict finding the paper offered to be the last will of Franklin Grace, and judgment went accordingly. It is from this judgment that this appeal is prosecuted.

It appears that John F. Jent arrived at the age of 21 in 1906, five years before the paper was offered for probate, and that the paper was either lost or mislaid and did not come into his possession until shortly before it was offered for probate. It will be observed that the paper was offered for probate more than 15 years after the death of the testator, but within ten years after the beneficiary, Jent, arrived at the age of 21, but not until more than three years thereafter.

It is the contention of counsel for the appellant that, although the right of Jent to have the paper probated as the last will of Franklin Grace was suspended during his minority, limitation ran against its probate after the expiration of three years from the time he reached his majority. While counsel for appellee insist that Jent had ten years after reaching his majority in which to offer the paper for probate.

Section 2522 of the Kentucky Statutes provides that "An action for relief not provided for in this or some other chapter, can only be commenced within ten years after the cause of action accrued." And it was held in Allen v. Froman, 96 Ky., 313, and Cleveland Orphan Insti. v. Helm, 24 Ky. L. R., 2485, that unless saved by some other section of the statute, a will could not be probated after the expiration of ten years from the time the right to probate accrued; but it is also provided in Section 2525 of the Kentucky Statutes that "If a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant, married woman, or of unsound mind, the action may be brought within the like number of years after the removal of such disability or death of the person, whichever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued."

When the right accrued to Jent to have this will probated, he was an infant, and the ten years statute allowed for its probate did not begin to run against him until after he arrived at age. It was so held in Thompson v. Penn, 149 Ky., 158.

As the will was offered for probate within ten years after Jent became of age, the plea of limitation was not available to defeat the probate, and therefore, the judgment is affirmed.