Allen, &c., v. Froman.

CASE 48—PROBATE OF WILL—DECEMBER 6.

## Allen, &c., v. Froman.

APPEAL FROM BOURBON CIRCUIT COURT.

1. PROBATE OF WILL—LIMITATION.—A proceeding to probate a will is barred after the lapse of ten years from the time the right to probate accrued.

2. SAME—Section 9 of article 3, chapter 71, General Statutes (section 2522 of the Kentucky Statutes), which provides that "an action for relief not provided for in this or some other chapter can only be commenced within ten years after the cause of action accrued," was intended to comprehend every case of relief not elsewhere in the General Statutes directly provided for whether sought by action or proceeding, and, therefore, applies to a proceeding to probate a will, there being no provision of the General Statutes which in terms fixes the limit of time within which wills may be probated.

J. Q. WARD, E. M. DICKSON AND G. C. LOCKHART FOR APPELLANTS.

1. Appellee having failed to institute proceedings to probate the will in question for twenty-two years after the death of the testator, the claim is barred by his laches and by the statute of limitations. (General Statutes, sec. 2, art. 2, chap. 39; Idem, sec. 9, art. 3, chap. 71; Idem, sec. 2, art. 4, chap. 71; Idem, sec. 27, chap. 21; United States v. Thompson, 98 U. S., 486; Hargis, &c., v. Sewell's Adm'r, 87 Ky., 67; Woods v. James, &c.. 87 Ky, 518; Pomeroy's Remedies and Remedial Rights, 2d ed., p. 82; Anderson's Dictionary of Law, 871; Revised Statutes, chap. 63; Gen. Stat., p. 295.)

2 The Bourbon County Court did not have jurisdiction of this proceed-

ing to probate a copy of a will made by a non-resident of this State. (Gen. Stat., chap. 113, sec. 30; Sneed v. Ewing, 5 J. J. Marshall, 466; Williams v. Jones, 14 Bush, 418; Morehead & Brown, vol. 2, p. 1544, Act 1797; *Idem*, p. 1548, Act 1820; Dupoyster v. Gagoni, 8 Ky. Law Rep., 392; Cornelison v. Browning, 10 B. M., 425; Williams on Ex'ors, ed. 1877, pp. 415, 440, and notes; Story's Conflict of Laws, sec. 52, p. 474.)

McMILLAN & TALBOT FOR APPELLEE.

1. The statute of wills does not give the county courts of this State the power to probate wills by a transcript from a foreign court as an exclusive manner of probating them, but only as an additional way for the purpose of saving expense and trouble. The statute can not be limited to mean that only residents of this State are allowed an original proceeding to probate wills in this State. (Old Virginia Statutes, "Wills;" Rice v. Jones, 4 Call, 89; Morrison v. Campbell, 2 Rand., 217; Gen. Statutes, Chapter on Wills, sec. 26; Fletcher's adm'r v. Saunders and Weir, 7 Dana, 345.)

2. The provision of the General Statutes that letters of administration shall not be granted after twenty years have elapsed does not apply to the probate of a will to establish the title to land; and the provision that "an action for relief not provided for in this or some other chapter can only be commenced within ten years next after the cause of action accrued" refers expressly to "actions" in chancery, and not to "special proceedings," such as the probate of wills. (Revised Statutes of Kentucky; Mass. Revised Statutes American Decisions, vol. 11, p. 154; Well's Will, 5 Littell, 274 )

3. Additional authorities cited on the question of limitation. (Kentucky Statutes, secs. 2519, 2522, 4860, 4852, 4853, 3897, 3895; Bouvier's Law Dict., p. 441; Hoffert v. Miller, 86 Ky., 572; Rebhan v. Mueller, 114 Ill., 343; Haddock v. Boston, &c., R. Co., 4 American State Rep., 295; Waters v. Stickney, 90 American Decisions, 122; Stebbins v. Lathrop, 4 Pick., 33, 34; Jarman on Wills, vol. 1, 217; Lawson's Rights, Remedies and Practices, vol. 6, sec. 3188; Hunt v. Hamilton, 9 Dana, 90.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The controversy in this case is about probating what is alleged to be the will of George Coil, who died in the State of Alabama—place of his domicile—May, 1868. The original paper was not produced, but what purports to be, and the evidence satisfactorily shows

is, a substantial copy, was, in lieu of it, on October 14, 1890, filed in the Bourbon County Court, and motion made to admit it to record as true last will of said Coil. But the county court overruled that motion, and refused to permit the paper recorded as such will. Whereupon, Elijah Froman, claiming to be devisee, appealed to the Bourbon Circuit Court, where, after hearing evidence and receiving instructions as to the law, the jury returned a verdict that said paper, a copy of which they had before them, was the true last will of George Coil; and judgment of court having been rendered in pursuance of that verdict, the heirs-at-law of George Coil appealed to this court.

The original paper, dated in 1858, purports to have been written and signed by Coil and attesting witnesses in Bourbon county, where he then resided; but about 1866 he removed to Alabama, and, as before said, died there.

The grounds for reversal are, first, want of jurisdiction of the Bourbon County Court to probate the paper as the will of George Coil, the probate court of Alabama having, as argued, original and exclusive jurisdiction. Second. Error of the court in rejecting certain testimony tending to show that one of the attesting witnesses, both being dead, did not in fact sign his name in presence of the testator. Third. That the statute of limitation which was pleaded and relied on, is a bar to the proceeding and ought to have been sustained.

It does not appear the paper was ever probated in any court of Alabama; nor that there was, after satisfying creditors, any available estate left there

for the devisees. But Coil owned (when he removed from Kentucky, and also at his death) a valuable tract of land in Bourbon county, still claimed by his devisee, Elijah Froman, though whether that fact gave the Bourbon County Court jurisdiction we need not here decide, nor is it necessary to pass upon the question presented as to evidence rejected by the lower court. We shall, therefore, proceed directly to consider whether the statute of limitation has application.

Section 2, article 2, chapter 39, General Statutes, provides that "original administration shall not be granted after the expiration of twenty years from the death of the testator. If so made, it shall be void." But it seems to us that section does not in terms or reason apply to probating and admitting wills to record. Indeed, there is no provision in chapter 71, the title of which is "Limitation of Actions," that in terms does fix the limit of time within which wills may be probated, and if done at all, it is by section 9, article 3, as follows: "An action for relief, not provided for in this or some other chapter, can only be commenced within ten years next after the cause of action accrued." The language of that section does in fact, and we must consequently hold was intended to, comprehend every case of relief not elsewhere in the General Statutes directly provided for, whether sought by action or proceeding. For section 27, chapter 21, provides that "the term 'action,' when used in this revision shall be construed to include all proceedings in any court of this Commonwealth."

We can see no reason why a period of time should not be fixed for probating wills as well as for instituting or commencing any other action or proceeding for relief; for fraud may be perpetrated in the matter of probating wills by reason of death of witnesses to the transaction, and innocent purchasers disturbed and deprived of property honestly acquired, by setting up false wills after a long lapse of time, as can occur in any other case. So, as held by this court in Hoffert v. Miller, 86 Ky., 572, it has become legislative policy of this State to fix in every case a limit of time for beginning every action or proceeding for relief, and section 9, article 3, was intended for that purpose.

Probating and recording the will in question is necessary to enable appellee to maintain an action for recovery of the land from the heirs-at-law of George Coil, who, or their vendees, have been in actual possession and claiming it as their own since 1870; and to permit appellee, now thirty-nine years old, to institute and maintain this proceeding twenty-two years after death of George Coil, under whose will he claims, would, it seems to us, be contrary to the reason of the statute of limitation, as well as to the direct provision thereof.

In our opinion the proceeding to probate the will in contest is barred by the statute of limitation, and, consequently, the judgment must be reversed and cause remanded for affirmance of the order of the Bourbon County Court.