CASE 58.—PROCEEDINGS BY FRANK FOSTER AND OTHER'S FOR THE PROBATE OF THE WILL OF JOHN McINTOSH, A NON-RESIDENT OF KENTUCKY.—November 18.

## Foster, &c., v. Jordan, &c.

Appeal from Hickman Crcuit Court.

R. J. BUGG, Circuit Judge.

From an order of the County Court admitting the will to probate, and from an order of the Circuit Court refusing probate, the propounders appeal.—Affirmed.

1. Wills—Probate — Persons Who May Contest — Purchasers of Heir of Testator—"Persons Interested."—Purchasers from an heir of a testator may resist the probating of his will; they being "persons interested," within Ky. St. 1903, sections 4856-4861, making such persons proper or necessary parties to probate proceedings.

2. Limitation of Actions—Wills—Probate—Statutory Provisions— "Action."—Ky. St. 1903, section 2522, provides that an action for relief not otherwise provided r can only be commenced within 10 years from its accrual. Section 469 defines "action" as used in the statutes to include all proceedings in any court of the Commonwealth. Held that since there is no provision in the statutes expressly limiting the time within which wills either of residents or nonresidents may be probated, and since the probating of a will, if not an action, is at least a proceeding to obtain relief, a proceeding to probate a nonresident's will is within section 2522, and must be commenced within 10 years after testator's death, regardless of

whether the will was previously probated in the state of testator's domicile or not.

3. Wills—Probate in Another State—Effect on Land in Kentucky.—The probate of a nonresident's will in the state of his domicile has no legal effect on the title to his land in Kentucky, but in order to pass title thereto the will must be probated in Kentucky according to its laws.

4. Limitation of Actions—Time for Suing—Policy of State.—It is a well-established policy of Kentucky to fix in every case a limit for bringing actions or proceedings for relief.

THOMAS E. MATTHEWS and WHEELER, HUGHES & BERRY for appellants.

POINTS AND AUTHORITIES.

1. Can the right to probate the will of a nonresident relative to estate within this Commonwealth, which will was duly probated at the domicile of the testator, be defeated by a plea of limitation? (Ky. Stats., 4854; Allen v. Froman, 96 Ky., 313; Johnson v. Bard, 31 Ky. Law Rep., 999; Carpenter v. Denoon, 29 Ohio, 379; Morrison v. Fletcher, 27 Ky. Law Rep., 124.)

2. In the attestation of wills a substantial, rather than a literal, compliance with the statute is required. (Soward v. Soward, 1 Dana, 126; Porter v. Ford, 82 Ky., 191; Miles' Will, 4 Dana, 1; Upchurch v. Upchurch, 16 B. Mon., 102; Flood v. Plagrof, 39 Ky., 607; Montgomery v. Perkins, 2 Met., 448; Pate v. Joe, 3 J. J. Mar., 113; Secrest v. Edwards, 4 Met., 163; Swift v. Wiley, 1 B. Mon., 114; Denton v. Franklin, 9 B. Mon., 128; Shanks v. Christopher, 3 Mar., 144; Cochran's Will, 3 Bibb, 491.)

3. As to the evidence of execution. See (Sneed v. Ewing, 5 J. J. Mar., 460; Robertson v. Barber, 6 Mon., 523; Dupoyster v. Degani, 84 Ky., 403; Williams v. Jones, 14 Bush, 318; Helm v. Rooksby, 1 Met., 49; Whalen v. Nesbet, 95 Ky., 464; Elmendorf v. Carmichael, 3 Litt., 473.)

4. So we insist that the only question for consideration by this court is that of limitation.

BENNETT, ROBBINS & THOMAS for appellees.

The important question in this case are these:

1. Have appellees, who are the remote vendors of Louisa E. Foster, child and heir of John McIntosh, such an interest under our statute as will permit them to appeal from the order of the

Foster, &c. v. Jordan, &c.

Hickman County Court, admitting the will of John McIntosh to probate in said county, as a will of real estate?

2. If they have such right, may they resist the probating of said will in Kentucky, by interposing the statute of limitations after the will had been previously probated in the state of Tennessee?

3. In the court below, counsel for appellants in support of their contention that appellees had no such interest as would permit them to appeal from the order of the Hickman County Court, relied upon the case of Johnson v. Bard, 54 Southwestern, 721. A careful reading of this decision will show that it not only fails to support their contention, but is an authority against them.

### AUTHORITIES CITED.

54 Southwestern 721; 28 Ky. Law Rep., 857; 111 Ky., 659; Ky. Stats., 4856-48 ⅃· 3 Am. St. Rep., 126; 5 J. J. Ma., 465; 10 B. Mon., 425; 14 Bush, 421; 86 Ky., 572; 16 Ky. Law Rep., 634; 23 Ky. Law Rep., 22; 24 Ky. Law Rep., 2487.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

One John McIntosh died in the year 1859, testate, domiciled in Davidson county, Tenn. At the June term, 1859, of the Davidson county court, a court of probate jurisdiction, his will was duly probated. In this will the testator disposed of his estate in Tennessee, and then gave to one of his sons and to his daughter, Louisa E. Foster, for her life, with remainder over to her children, and to a grandchild, certain real estate located in Hickman county, Ky. About the year 1865 the grandchild of McIntosh, to whom he devised an interest in the Kentucky land, sold and conveyed his interest to one Utterback. Some time after that, Utterback, Frank McIntosh, and Louisa E. Foster instituted an action in the Hickman county court and had the land divided among them, and a conveyance was made to Louisa E. Foster in fee for her portion of the land. Soon after this she sold the part allotted

to her to appellees. In the year 1907, the life estate
of Louisa E. Foster was terminated by her death. In
November, 1907, the remaindermen and the heirs of
John McIntosh probated his will in the county court of
Hickman county, Ky., under the provisions of section
4854 of the Kentucky Statutes of 1903, and from the
order of the county court probating the will appellees
herein appealed to the circuit court of Hickman county
by petition. All formalities were waived by both
sides, the issues were formed, and upon the hearing
of the case by the court, a jury being waived, as the
issues made were purely issues of law, it was deter-
mined by the court that the will was properly proven;
but the right to probate the same was barred by the
statutes of limitation, the will not having been offered
for probate in Kentucky within 10, 20, or 30 years
after the date of the testator's death. The court also
held that appellees had such an interest in the matter
in controversy as to give them the right to protest
against the probate of the will; they having bought
the interest of Louisa E. Foster, who conveyed the
same as if she owned the fee, instead of a mere life
estate

The right of a purchaser from an heir of a testator
to resist the probating of his will has been conclusively
settled by this court. See the cases of Brooks v.
Paine's Exor., 123 Ky. 271, 90 S. W. 600, 29 Ky. Law
Rep. 699; Davies v. Leete, 111 Ky. 659, 64 S. W. 441,
23 Ky. Law Rep. 899, and the cases there cited. In
the Davies-Leete case, this court, in discussing this
question, said: "The statutes use the words 'persons
interested' (secs. 4856, 4861, Ky. Stats., 1903) in defin-
ing who are proper or necessary parties to probate
proceedings. We are of opinion that any person who
claims title under any one an heir at law of the tes-

tator, as well, perhaps, as any creditor of such heir at law, if the heir be insolvent, may become a party to such proceedings under the above clause. This would not, of course, admit a stranger to testator's title, or one claiming under title hostile to his, to contest the will, in order that he might destroy a link in his adversary's chain of title (Johnson v. Bard (Ky.), 54 S. W. 721, 31 Ky. Law Rep. 999) ; nor would it admit any relation not an heir at law or such creditor.''

The only other question to be determined is whether the statute of limitation interposed by appellee is a bar to the probating of the will at this time in this State.

Appellants' contention is, as the will was probated in Tennessee, within the proper time, and in the State of the residence of the testator, the statutes of limitations do not apply to the probating of the will in this State, but concedes that the probating of it would be barred if it had been made in this State, or if it had never been probated in the State of Tennessee, and referred to the cases of Allen v. Froman, 96 Ky. 313, 28 S. W. 497, 16 Ky. Law Rep. 634; Johnson v. Bard, 54 S. W. 721, 31 Ky. Law Rep. 999, and Morrison v. Fletcher, 119 Ky. 488, 84 S. W. 548, 27 Ky. Law Rep. 124, as supporting their contention. We do not so construe the authorities cited. In the Allen-Froman case there was an attempt to probate the will of George Coil,, who died in the State of Alabama, the place of his domicile, and the statutes of limitations were pleaded against the probating of it in this State. The court, in considering the question, incidentally mentioned the fact that the will had never been probated in any court of Alabama, and determined that the 10-year statute of limitation applied and was a bar to the probating of the will in this State, but did not intimate

that the rule would have been different if the will had been probated in the State of Alabama. In the case of Johnson v. Bard, supra, the opinion, delivered January 4, 1900, but not reported in the Kentucky Law Reporter until five years afterwards, was one where the probate of the will of David McCaleb, a resident of Mississippi was considered. McCaleb's will was probated in Mississippi in the county of his late residence, on the 25th day of April, 1850. On the 18th day of December, 1897, his heirs and devisees probated the will in the county of Christian, Kentucky, where David McCaleb owned some real estate which he devised by his will. Appellant, Johnson, appeared in the county court and undertook to resist the probating of the will. This court determined only that Johnson was not an heir, devisee, or a creditor of the testator, and had no such legal interest as entitled him to be made a party thereto, or to resist by a plea of limitation the relief sought by appellees. The court did not determine what would have been the result if the plea of limitation had been interposed by some one who was interested in the probating of the will, as defined in the Davies and other cases referred to. The case of Morrison v. Fletcher, supra, was one where the question at issue was not involved. Mary M. Morrison made a will which was probated in the State of Arkansas, the place of her domicile, which was afterwards probated in Hardin county, Ky., where she owned a house and lot. The issue arose between the heirs of Mary M. Morrison and Fletcher. In the action Fletcher averred that the will of Morrison was void and had no binding force in Kentucky, for the reason that more than 10 years had elapsed from the death of Mary M. Morrison before it was probated in the county of Hardin, Ky. This court determined in that case that the judg-

ment of the county court admitting the will to probate could not be attacked in a collateral action or proceeding. It did not determine what would have been the result if some one interested had appeared in the county court and pleaded the statutes of limitations, or had appealed from the order of probate, within the time fixed by the statutes, and pleaded the statutes of limitations, as was done in this case. It is true that in the Morrison-Fletcher case, aside from the question before the court therein, this court made reference to the Johnson-Bard case, supra, and apparently misconstrued what was decided in that case. These are the only cases cited, which were decided by this court, and we have been unable to find any others, where this court has given an intimation on the question now being considered; that is, whether there is any statute of limitations in this State applicable to the probating of a will which had been previously duly probated in another State, the place of the domicile of the testator.

The will in this case was probated in the Hickman county court under section 4854, Ky. Stats., 1903, which is as follows: "When a will of a non-resident relative to estate within this Commonwealth has been proved without the same, an authenticated copy and the certificate of probate thereof may be offered for probate in this Commonwealth. When such copy is so offered the court to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the State or county of the testator's domicile, and shall admit such copy to probate as a will of personalty in this Commonwealth. And if it appears from such copy that the will was proved in the foreign court of probate to have been so

executed as to be a valid will of land in this Commonwealth by the law thereof, such copy may be admitted to probate as a will of real estate.'' There is no provision in chapter 135, Ky. Stats., 1903, entitled "Will," nor in chapter 80, Ky. Stats., 1903, entitled "Limitations of Actions," that in terms fixes the limit of time within which wills may be probated, whether the wills are made by residents of this or foreign States.

This court decided, in the Allen-Froman case, that section 2522, Ky. Stats., 1903, which is as follows: "An action for relief not provided for in this or some other chapter, can only be commenced within ten years next after the cause of action accrued"—applied to the probating of wills made by persons domiciled in this State, and wills made by non-residents when not probated in the State of the testator's residence. This case has been followed and approved by this court in the cases of Reid's Admr. v. Benge, 112 Ky. 810, 23 Ky. Law Rep. 2202, 66 S. W. 997, 57 L. R. A. 253, 99 Am. St. Rep. 334, and Cleveland Orphan Institution, etc., v. Helm, etc., 74 S. W. 274, 24 Ky. Law Rep. 2485. In the last case cited the court said: "We are of the opinion that the principles stated in the case above referred to are sound and should be upheld, for the reason that the public have a great interest in having a known limit fixed by law for litigation for the quiet of the community, and that there may be a certain fixed period after which the possessor may know that his title and right can not be called in question or harassed by stale demands after witnesses of the facts are dead." It is contended that section 2522, Ky. Stats., 1903, applies alone to actions for relief. It is true the word "action" only is used. but section 469, Ky. Stats., 1903, is as follows: "The term 'action'

when used in this revision, shall be construed to include all proceedings in any court of this Commonwealth." And if the probating of a will is not an action, it is certainly a proceeding to obtain relief, for the devisees and remaindermen under the will of McIntosh could not be permitted to recover the land from appellee until the will of McIntosh had been probated in Kentucky. See section 4852, Ky. Stats., 1903.

The probation of the will of McIntosh in Tennessee had no legal effect whatever on his lands in Kentucky. By the probation of the will in Tennessee his property in that State was affected, and the title thereto fixed. His real estate in Kentucky could not be affected by the will, except by probating it here. See the cases of Sneed v. Ewing, 5 J. J. Marsh. 465, 22 Am. Dec. 41, and Cornelison v. Browning, 10 B. Mon. 425. In the last-named case the court said: "It is an acknowledged principle of law that the title and disposition of real property is exclusively subject to the laws of the county where it is situated, which alone can prescribe the mode by which it can pass from one to another, and no title to land passes by will unless it is executed, proved, and registered conformable to the laws of the place where the property is situated." In this opinion it is decided that no title passes to real estate in this State until and unless such will is executed and probated in this State according to our laws. We can not see any reason why the statutes of limitations might be interposed to prevent the probating of a will of a person domiciled in this State or domiciled in another State, when the will has not been probated there, and not making it apply to the will of a non-resident when the will is recorded at the late domicile of the testator. The purpose of probating a will where the land is situated is to give notice of the title that the pur-

chaser may not be imposed upon, and the necessity is just as great in the one case as the other. In the case at bar it appears that the will was made and recorded in Davidson county, Tenn., in the year 1859, and appellant made no attempt to have it probated in Hickman county, Ky., until the year 1907, or 48 years after it was executed. There was nothing placed on the record of Hickman county giving notice that appellants claimed any interest in the land. Our limitation laws are statutes of repose, and were made especially to meet such cases as the one at bar. It is a well-established policy of this State to fix in every case a limit of time for bringing actions or proceedings for relief. Hoffert v. Miller, 86 Ky. 572, 6 S. W. 447, 9 Ky. Law Rep. 732.

For these reasons the judgment of the lower court is affirmed.