### Thompson v. Penn.

(Decided June 20, 1912.)

## Appeal from Bourbon Circuit Court.

1. Wills—Estates Tail—Common Law Rule as to Creation of Not in Force in This State.—The common law rule that under a devise to A. for life with remainder to his issue an estate tail is created, which under the statute is converted into a fee, is not in force in Kentucky, and under such a devise A. only takes a life estate.
2. Wills—Infant's Right to Probate Will—Limitation.—A proceeding by an infant to probate a will is not barred until ten years after his disability is removed, though other devisees may be of age and be barred by the statute.
3. Contracts—Specific Performance.—The court will not decree specific execution of a contract where the vendor's title is imperfect and may be defeated by the probate of a will.

WM. GRANNON for appellant.

TALBOTT & WHITLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

David Penn sold to A. S. Thompson some land in Bourbon county and tendered Thompson a deed, which he declined to accept, doubting if the title was good. Thereupon they filed this agreed case in the Bourbon Circuit Court to obtain a judgment of the court as to the sufficiency of the title. The circuit court held the title good, and Thompson appeals.

The facts of the case are these: Joseph Penn, the father of David Penn, was the owner of the land up to the time of his death, about the year 1900. He resided in Marion county, Indiana, and left a will, which was duly admitted to probate in Indiana, but has not been admitted to probate in Kentucky. The provisions of the will as to the land in question, are as follows:

"I hereby give and bequeath to my son, David Penn, for and during his natural life only, with the remainder thereof to his children or their descendants, if any, if none, with remainder to his brothers and sisters or their descendants, hereby intending to bequeath said David Penn a life estate, and no more in the following described real estate in Bourbon county, State of Kentucky, to-wit:" (Here follows description of real estate).

After the will had been probated in Indiana, a written agreement was made by all the children, by which it was stipulated, in substance, that each was to have the property devised to him in fee, and there was afterwards a judgment of the Superior Court of Indiana that under the will each child took a fee. After this had been done, David Penn brought a suit against his brothers and sisters in the Bourbon Circuit Court, asking that his title to the land in fee be quieted. The children of his brothers and sisters, then in existence, were made parties to the action, and, upon final hearing in that case, a judgment was entered in favor of David Penn as prayed. It is insisted for him, that by these proceedings, he has acquired a fee simple title to the land.

The ruling of the Superior Court of Indiana, that the children of Joseph Penn take a fee under his will, was based upon the ground that, a devise to one for life, with remainder to his issue at common law, creates a fee tail, which, under the statute, is converted into a fee simple; but the land lying in Kentucky, the title to it, must be governed by the law of Kentucky, and the common law rule referred to is not the law in Kentucky. Section 2345, Kentucky Statutes, provides:

"If any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or his descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee simple to his heirs, or the heirs of his body, or his issue or descendants."

This statute has been in force in Kentucky for many years, and, under it, David Penn, takes under the will of his father only a life estate in the land, with remainder to his children or their descendants, if any; if none, then to his brothers and sisters, or their descendants. David Penn is now sixty-one years of age, unmarried and has no children, but he may yet marry and have children, and these children, at his death, will take the property in fee under the will if probated in Kentucky. The judgment of the Bourbon Circuit Court, in no wise, affected their rights, although that judgment has the effect to vest in David Penn all the interest in the land held by the parties to that action. Herman v. Parsons, 117 Ky., 244.

It is insisted, however, that ten years having elapsed and the will of Joseph Penn not having been admitted to probate in Kentucky, the statute of limitations now bars any proceedings for that purpose. Section 2522, Kentucky Statutes, which is a part of article 3 of the chapter on limitation of actions, provides:

"An action for relief not provided for in this or some other chapter, can only be commenced within ten years next after the cause of action accrued."

It has been held that this section applies to the probate of a will. Allen v. Froman, 96 Ky., 313; Foster v. Jordan, 130 Ky., 449. But, section 2525. Kentucky Statutes provides:

"If a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was at the time the cause of action accrued, an infant, married woman, or of unsound mind, the action may be brought within the like number of years after the removal of such disability or death of the person, which ever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued."

Under this statute, if David Penn should have children, these children would have ten years from the time they arrived at age to have their grandfather's will probated in Kentucky, and if the will is so probated it will

defeat Thompson's title to the land. Reid v. Benge, 112 Ky., 810. Any devisee in a will may maintain a proceeding to have it probated, so long as he is not barred by limitation, although other devisees may be barred by limitation. Were the rule otherwise, the rights of the remainderman might be destroyed by a combination of the life tenants suppressing the will. In Dickey v. Armstrong, 1 A. K. Marsh., 39, it was held that, in a joint demise by several all must have the right of entry, or none can recover. That opinion has been followed in a number of subsequent cases, all based on the same statute limiting the time in which an action for the recovery of real estate might be brought. It was always held, however, that that rule did not apply to coparceners, or others who might maintain a several action. Pope v. Brasfield, 110 Ky., 128, and cases cited. Any devisee may maintain a proceeding in his own name to probate a will, and it may be established as to him when it will not be the will as to others. Shaver v. Ewald, 142 Ky., 472; 143 Ky., 160. The language of section 2525, Kentucky Statutes, is very different from that before the court in Dickey v. Armstrong, and the cases following it.

We, therefore, conclude that David Penn has not such title to the land as Thompson should be required to accept.

Judgment reversed and cause remanded for a judgment as above indicated.