[S. F. No. 8701.  Department One.—December 2, 1918.]

In the Matter of the Estate of G. W. HUME, Deceased.
DOROTHY HUME REEVES, Appellant; C. E. HUME,
Respondent.

ESTATES OF DECEASED PERSONS—PROBATE OF WILL—CONTEST—REFUSAL
OF CONTINUANCE—LACK OF ERROR.—An order refusing a continu-
ance of a proceeding for the probate of a will after the overruling
of a demurrer to the petition, on the ground that the proceeding
was barred by the statute of limitations, is not erroneous where the
continuance was requested for the purpose of enabling the con-
testant to prepare and file further papers in answer, or opposition
or contest, and no showing was made that any other ground of con-
test existed than that presented and disposed of by the demurrer.

ID.—STATUTE OF LIMITATIONS — INAPPLICABILITY TO PROBATE PROCEED-
INGS.—A proceeding for the probate of a will, is not barred by sec-
tions 343 and 363 of the Code of Civil Procedure, since the statute
of limitations is not applicable to such proceedings.

APPEAL from an order of the Superior Court of Ala-
meda County admitting probate of a will. Wm. S. Wells,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Edgar D. Peixotto, Chapman & Trefethen, Metson, Drew
& Mackenzie, and J. R. Pringle, for Appellant.

Abe P. Leach and Chickering & Gregory, for Respondent.

SHAW, J.—G. W. Hume died on February 12, 1912, a
resident of Alameda County. He left a will executed on
December 8, 1908. By its terms his entire estate was left
to his wife, Annie E. Hume, and it declared that he inten-
tionally left none of it to his children or grandchildren.
After making the will he transferred to his wife all of his
property. Upon his death it was believed that he left no
estate, and for that reason his will was not presented for
probate. On January 15, 1917, nearly five years after
Hume's death, the appellant, Dorothy Hume Reeves, a
grandchild, who would have been entitled to succeed to one-
sixth of his property if there was any, if he had died in-

testate, began an action to quiet title to or to recover an undivided one-sixth of the estate, claiming that the said Hume died intestate, that he was seised of a large amount of property, and that he had not transferred it to his said wife. On January 23, 1917, C. E. Hume, a son of the decedent, filed in the superior court a petition for the probate of the aforesaid will. Dorothy Hume Reeves appeared in said proceedings and filed a paper purporting to be a demurrer to the petition for probate, assigning as cause therefor that the proceeding for such probate was barred by the provisions of sections 343 and 363 of the Code of Civil Procedure. The court overruled the demurrer, heard the testimony in support of the petition, and thereupon made an order admitting the will to probate. From this order Dorothy Hume Reeves appealed.

The petition was originally set for hearing on February 7, 1917. Of this due notice was given. The hearing was continued to April 16, 1917, and on April 2, 1917, the aforesaid demurrer was filed to the petition. After the overruling of the demurrer, which took place on April 16, 1917, the appellant asked for a continuance to enable her to ''prepare and file such further papers in answer, or opposition or contest,'' as her counsel should advise. The court refused to continue the case for that purpose. This ruling and the overruling of the demurrer are assigned as errors.

No error is shown in the order refusing a continuance. The appellant stated nothing to show that she had any grounds of contest or opposition to the probate of the will other than 'that it was barred by the statute of limitations. That point had already been presented to the court and decided against her by the order overruling the demurrer. She did not show that she had any cause for resisting the probate of the will on the ground of fraud, undue influence, insanity, or defective execution. Under these circumstances the court was justified in refusing any continuance.

The respondent makes the preliminary objection that the law does not authorize a demurrer to a petition for the probate of a will. There is no special provision for such practice in the chapter on probate of wills, but if such a proceeding may be barred by the statute of limitations, we do not consider that the mode by which the point is presented is important, for in the event that it is good, it must be con-

sidered at some stage of the proceeding. We shall, therefore, disregard the objection and proceed to consider the proposition on its merits. It is a new question in this state.

Section 343 of the Code of Civil Procedure provides that "an action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." This section is a part of title II, part II, of that code. Nowhere in that title is there any provision for a limitation against proceedings to probate wills. Consequently it is not thereinbefore provided for, and if it comes within the meaning of the word "action," and is a matter to which the phrase "cause of action shall have accrued" could be applied, it would be included in the four-year period. It is contended that this conclusion must follow from the terms of section 363, which is a part of the same title. It reads as follows: "The word 'action' as used in this title is to be considered, whenever it is necessary so to do, as including a special proceeding of a civil nature."

In the introduction the code divides civil remedies into two classes, namely, actions and special proceedings. (Section 21.) It then defines an action as "an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Section 22.) "Every other remedy is a special proceeding." (Section 23.) The body of the code is divided into four parts stated in the outline preceding the text in the original official edition of the statute enacting it, as follows: "Part I. Courts of Justice. Part II. Civil Actions. Part III. Special Proceedings of a Civil Nature. Part IV. Evidence." The detailed outline of the subjects treated in Part III, following the subhead "Special Proceedings of a Civil Nature," enumerates the several proceedings that come within that description, designating them separately as "Titles." Title I embraces proceedings in review, in *mandamus*, and in prohibition. Title II relates to election contests; Title III to summary proceedings, judgments by confession, submissions without action, discharge of persons imprisoned on civil process, and proceedings in unlawful detainer and forcible entry. Title IV relates to the enforcement of liens; Title V to contempts; Title VI to dissolution of corporations; Title VII to eminent domain; Title VIII to

escheated estates; Title IX to change of names, and Title X to arbitrations. The subhead of Title XI, which is here involved, is "Proceedings in Probate Courts." This title is divided into twelve chapters and it includes, among other things, proceedings to probate wills and appoint executors, proceedings to appoint administrators, proceedings to determine heirship, proceedings to sell property ·of the decedent, and proceedings to appoint guardians. An application to sell real estate of a decedent is a proceeding against the heirs in whom the property vested at the death of the ancestor. (*Estate of Crosby,* 55 Cal. 580.) If a proceeding to probate a will is a special proceeding of a civil nature, as that phrase is used in section 363, it must be admitted that the other proceedings just mentioned are also of that character.

It is our opinion that sections 343 and 363 do not apply to a proceeding for the probate of a will. The reasons for this conclusion we proceed to state.

The chapter of the code relating to the probate of wills does not provide for opposition to such probate on the ground of the bar of the statute of limitations, but, in effect, excludes it from the category of grounds allowed as a basis for such opposition. Section 1299 declares that any person interested in the estate "may, *at any time* after the death of the testator, petition the court having jurisdiction to have the will proved." This implies that there is no arbitrary time limit. Section 1300 specifies the facts which must be alleged in the petition, and sections 1303 and 1304 prescribe the notice to be given of the hearing and the mode of service on the heirs. Section 1306 provides that unless the parties appear at the time set for the hearing the court "must require proof that the notice has been given, which being made, the court must hear testimony in proof of the will." Section 1307 provides that "any person interested may appear and contest the will." Section 1308 declares that "if no person appears to contest the probate of a will, the court may admit it to 'probate," on proof of its execution and of the sanity of the testator. The proceedings to be had if there is a contest of the will are set forth in article II of the chapter, embracing sections 1312 to 1318. Section 1312 provides that the person contesting the will "must file written grounds of opposition to the probate thereof," and serve the same upon the petitioner and other residents of the county interested in the estate, to

which grounds of opposition any of such interested parties may demur. If the demurrer is overruled, the proponents may answer. The issues of fact which the contestant may raise upon such contest are also specified. They are: 1. The competency of the decedent to make a will; 2. His freedom from duress, menace, fraud, or undue influence; 3. The due execution of the will; 4. "Any other questions substantially affecting the validity of the will." There is no provision for an issue or a finding upon any other facts, or for presenting any other grounds of opposition to the probate. The fourth ground refers only to matters affecting the validity of the will. It does not include a plea of the statue of limitations, which, in effect, concedes its validity, but interposes the statute as a bar. Provision is made for the submission of the issues above enumerated to a jury and for findings thereon by the jury, or by the court if a jury is not demanded. Section 1317 declares: "If the court is satisfied, upon the proof taken, or from the facts found by the jury, that the will was duly executed, and that the testator at the time of its execution was of sound and disposing mind, and not acting under duress, menace, fraud, or undue influence, a certificate of the proof and the facts found, signed by the judge and attested by the seal of the court, must be attached to the will." This excludes the bar of the statute of limitations from consideration as one of the matters which may be shown in opposition to the probate. This is further emphasized by section 1314 which, in substance, declares that if upon the verdict of the jury the facts mentioned in section 1317 as aforesaid appear to be established, the court "must" admit the will to probate. Section 1314 thus makes it imperative that the court shall admit the will to probate if the execution is proven and the grounds of opposition authorized by section 1312 are not established. This clearly implies that no grounds of opposition other than those enumerated in section 1312 may be set up, and it leaves no place for the application of the statute of limitations.

It is further to be observed that, notwithstanding the positive and comprehensive language of sections 343 and 363, if taken literally, there can be no doubt that they cannot apply to all special proceedings of a civil nature. Proceedings for a change of name, or in arbitration, or for voluntary dissolution of a corporation, or for guardianship, or for a mar-

ried woman to become a sole trader, are all within the definition of the phrase, and each is enumerated, classed, and defined as such proceeding by the code. If the statute of limitations applied, it would begin to run against such proceedings as soon as the right to institute them accrued. Yet from the very nature of these proceedings it is obvious that neither of them could be subject to such limitation.

This construction of these code provisions is confirmed by the long-continued and uniform practice and the universal understanding of the bench and bar of the state on the subject. It is not uncommon for a will to be offered for probate more than four years after the death of the testator and for such a will to be contested. It is a well-known fact that in searching titles preparatory to sales of real estate it is often found that there has been no administration upon the estate of some deceased person from whose heirs the vendor derives title. As our statute makes real estate of a decedent primary assets for the payment of his debts, this would be a cloud upon the title. Consequently, in such cases it has always been customary to cure the defect by administration upon the estate, regardless of the lapse of time since the death of such person. A plea of the bar of the statute of limitations in any of these cases, so far as we are aware, has never been made and is an unknown thing in our jurisprudence. The appellant does not claim that such a plea has ever been presented in any case. As instances of cases where such a plea, if it were permitted, would have been effectual to defeat the probate or the granting of letters, we cite *Estate of Strong,* 119 Cal. 663, [51 Pac. 1078], *Kleinclaus* v. *Dutard,* 147 Cal. 245, [81 Pac. 516] , *Bell* v. *Hudson,* 73 Cal. 285, [2 Am. St. Rep. 791, 14 Pac. 791] , and *Estate of Yorba,* 176 Cal. 166, [167 Pac. 854]. The opinions and the records in these cases fail to show that the bar of the statute of limitations was even suggested as a defense. We have no doubt that further investigation would reveal a large number of similar cases. In *Estate of Crosby, supra,* seventeen years had elapsed after the allowance of the claim, for the payment of which the administrator applied for an order to sell the real estate. It was urged that the proceeding was barred, not by the statute of limitations, but by the equitable doctrine of laches. The lower court denied this claim and

made the order of sale. On appeal the supreme court said: "We have not found it necessary to inquire whether any provision of our statute of limitations is applicable, in terms, to a proceeding of the character we have been considering. Neither of the counsel has claimed this; but, on the contrary, it was assumed by both that the statute did not apply. Since, however, it has been decided that a proceeding in the probate court is in the nature of an original proceeding against the heirs, and such proceeding is simply statutory, and is not analogous to an action conducted according to the course of the common law, it may be perhaps 'a special proceeding of a civil nature,' and as such, subject to an appropriate section of the title of the Code of Civil Procedure which treats of limitations. (Code Civ. Proc., sec. 363.)" But it was not deemed necessary to determine the question, for the court held that under the facts appearing in the record the proceeding was barred by laches and reversed the order of sale, remanding the case with directions to dismiss the petition or deny the order. In *Estate of Arguello*, 85 Cal. 151, [24 Pac. 641], nineteen years had passed after the allowance of the claim involved and before the petition, which was by a creditor, for the sale of real estate to pay the claim, was filed. Circumstances to account for the delay were shown and the court below held them a sufficient excuse, and made the order. This order was affirmed on appeal. It does not appear that the statute of limitations was pleaded, but as this was a special proceeding of a civil nature, it would have barred the proceeding many times over, regardless of the existence of facts excusing the delay, if it were applicable in such cases. Section 738 of the Code of Civil Procedure, as amended in 1895, provides that if in any action to quiet title to real property, "the validity of any gift, devise, or trust, under any will, or instrument purporting to be a will, whether admitted to probate or not, shall be involved, such will, or instrument purporting to be a will, is admissible in evidence; and all questions concerning the validity of any gift, devise, or trust therein contained, save such as under the constitution belong exclusively to the probate jurisdiction, shall be finally determined in such action." Actions to quiet title frequently involve wills of persons who have died many years before the action was begun. The section contemplates that such a will, although not yet probated, may be construed in the action

and may be afterward probated, and it clearly shows that the legislature did not understand that the right to probate such will would be barred if the testator had died more than four years before the petition for probate was filed.

This uniform practice and understanding of the bench and bar, and of the legislative department of the state also, is a strong argument to the effect that the statute of limitations does not apply to such proceedings. The authorities on the effect of such long acquiescence are numerous. In *Bancroft* v. *Bancroft,* 110 Cal. 378, [42 Pac. 897], the court approved the following passage from the opinion in *Le Caux* v. *Eden,* 2 Doug. 594: ''A uniform silence in Westminster Hall on a subject which so frequently gives occasion for litigation is a strong argument to prove that no such action can be sustained.'' In *Knowles* v. *Yates,* 31 Cal. 90, speaking of a construction by practice and implication, and not by direct decision, the court said: ''Contemporaneous exposition has been esteemed by jurists and statesmen as strong evidence in support of an interpretation or construction of a statute, or of a provision of the organic law, in consonance with such exposition.'' In *Bruce* v. *Schuyler,* 4 Gilm. (Ill.) 221, [46 Am. Dec. 450], the court thus stated the rule: ''In short, it has been directly sanctioned or acquiesced in by all the departments of government, and by its officers, with the concurrence of the entire community, without a doubt or question, for about twenty years. Such a contemporaneous construction of a statute, or constitutional law, thus approved and sanctioned, has always been regarded by the courts as equivalent to a positive law.'' In *Stuart* v. *Laird,* 1 Cranch, 308, [2 L. Ed. 115, see, also Rose's U. S. Notes], speaking of the effect of an act of Congress, the supreme court of the United States said: ''Practice and acquiescence under it, for a period of several years, commencing with the organization of the judicial system, affords an irresistible answer, and has indeed fixed the construction. It is a contemporary interpretation of a most forcible nature.'' The following are of similar import: *Cronise* v. *Cronise,* 54 Pa. St. 261; *Faribault* v. *Misener,* 20 Minn. 401; *State* v. *Wrightson,* 56 N. J. L. 206, [22 L. R. A. 548, 28 Atl. 56]; *State* v. *Hudspeth,* 59 N. J. L. 504, [37 Atl. 67]; *People* v. *Draper,* 15 N. Y. 544; 6 Am. & Eng. Ency. of Law, 931.

The Code of Civil Procedure, which includes sections 343 and 363 and the title on probate proceedings, was enacted in 1872. From that time to the present, as we have seen, it has been understood that these sections did not apply to probate proceedings and the uniform practice has been in accordance with that understanding. Under the principles set forth in the foregoing authorities, this long-continued practice, and acquiescence in the aforesaid construction, must be taken as settling the question.

In support of her contention on this point the appellant cites *Gwinn* v. *Melvin*, 9 Idaho, 202, [108 Am. St. Rep. 119, 2 Ann. Cas. 770, 72 Pac. 961]; *Allen* v. *Froman*, 96 Ky. 313, [28 S. W. 497]; *Foster* v. *Jordan*, 130 Ky. 449, [113 S. W. 490], and *Thompson* v. *Penn*, 149 Ky. 158, [148 S. W. 33]. The Idaho statute on the subject of limitations is in the same language as the statute of this state, and so also, apparently, is the statute on probate of wills, although the latter is not referred to in the decision in *Gwinn* v. *Melvin*. The Kentucky statute of limitation is substantially the same as ours. These decisions hold that a proceeding to probate a will is barred after the time limited, in Idaho four years, in Kentucky ten years. In *Foster* v. *Jordan* it was held that the ten-year limitation applied to the probate of a foreign will which had been probated forty-eight years before in the state of the testator's domicile. If we were disposed to follow these decisions, they unquestionably uphold the appellant's position. But we think, in view of the specific provisions of our probate law, and the long-continued practical construction of our statute on the subject, the better rule is to the contrary.

Our conclusion is that sections 343 and 363 do not bar the proceeding, and that the court below properly allowed proof of execution and admitted the will to probate.

The order is affirmed.

Sloss, J., and Richards, J., *pro tem.*, concurred.

Hearing in Bank denied.

Lorigan, J., Sloss, J., Wilbur, J., Richards, J., *pro tem.*, Lennon, J., *pro tem.*, and Angellotti, C. J., concurred.