[No. C021782. Third Dist. Aug. 28, 1996.]

In re the Marriage of JEANINE I. JOHNSON-WILKES and CRAIG A. WILKES.
JEANINE I. JOHNSON-WILKES, Respondent, v.
CRAIG A. WILKES, Appellant.

1570

## COUNSEL

Craig A. Wilkes, in pro. per., for Appellant.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and M. J. Hamilton, Deputy Attorneys General, for Respondent.

## OPINION

**BLEASE, Acting P. J.**—The Family Code authorizes the obligee of a family support order to obtain an "earnings assignment order for support" (hereafter assignment order) which may be served on the holder of "earnings," e.g., wages or other payments due the obligor as a result of an enforceable obligation. (Fam. Code, § 5200 et seq.) Some payments that might otherwise count as "earnings" are shielded from assignment by incorporation of the exemptions from execution in the Code of Civil Procedure. (Fam. Code, § 5206.) By this measure the benefits from a disability insurance policy are exempt from enforcement by an assignment order. (Code Civ. Proc., §§ 703.070, subd. (b), 704.130, subd. (a).)[1]

If the obligee improvidently serves the assignment order on an exempt source of income the Family Code provides no remedy for the obligor whose

---

[1] A reference to a section is a reference to a section of the Code of Civil Procedure unless otherwise indicated.

income is wrongly levied. (See Fam. Code, §§ 5270, 5271.) However, the superior court, in the exercise of its equitable powers, may quash the service of an assignment order which has been improvidently served.

In this case the assignment order was served on an exempt source of income, the obligor's disability insurer. There being no equitable defense to the motion to quash service on the disability insurer, we will direct the trial court to quash the service of the assignment order on the disability insurer.

### FACTUAL AND PROCEDURAL BACKGROUND

Craig A. Wilkes (Husband) and petitioner Jeanine I. Johnson-Wilkes (Wife) were married in March 1986. They have two minor children, Tawni Irene, born in September 1986, and Craig Allan, born in May 1988. The couple separated in August 1988 and their marriage was dissolved in November 1989. Wife assumed primary physical custody of the minors.

A judgment of dissolution of marriage ordered Husband to support his minor children. In June 1993, the Tehama County District Attorney obtained an assignment order (Fam. Code, §§ 5208, 5252, subd. (a)), to enforce a monthly obligation of $2,196 and an arrearage of $47,011.94. In August 1994 he served the order on Husband's disability insurer, Paul Revere Insurance Company, which he avers provides his only source of income.[2]

In July 1995 Husband filed a motion to quash the assignment order "placed on [his] Disability Benefits with Paul Revere Insurance Company" on the ground they are exempt from the enforcement of a child support obligation. (§§ 703.070, 704.130; Fam. Code, § 5206.)

The motion was denied.

On appeal, Husband renews his claim that the service of the assignment order on Paul Revere Insurance Company should have been quashed.

We will grant him the relief requested.

---

[2]Husband, a podiatrist, was diagnosed as suffering from atrial fibrillation and, in March 1994, his physician placed him on total disability.

DISCUSSION

I

*Benefits From a Disability Insurance Policy Are Exempt*
*From an Assignment Order*

■ The Family Code provides for the enforcement of a family support order by an "earnings assignment order" that directs an "employer"[3] of an obligor to pay to the obligee some portion of the amount ordered in support. (Fam. Code, § 5200 et seq.) The income subject to the assignment order is defined by the interrelated provisions of two codes. The Family Code sets forth the income subject to the order. The Code of Civil Procedure sets forth the income which is exempt from the order.

Put briefly, Family Code section 5206 broadly defines the "earnings" subject to an assignment order but subjects them, by incorporation of provisions of the Code of Civil Procedure, to the exemptions applicable to an order of execution. By this measure, the benefits made subject to the assignment order in this case are exempt as "benefits from a disability . . . insurance policy . . . ." (§ 704.130; see also § 703.070.) This exemption is not preempted by section 704.115, as claimed by Wife, since that section applies to the wholly different category of benefits, including disability payments, from a "private retirement plan . . . ." We explain in detail.

An " '[e]arnings assignment order for support' " is "an order that assigns to an obligee a portion of the *earnings* of a support obligor due or to become due in the future." (Fam. Code, § 5208, italics added.) Family Code section 5206 broadly defines the "earnings" subject to an assignment order to include "[a]ny . . . payments or credits due or becoming due as a result of an enforceable obligation."[4] The " 'earnings' that may be reached under an earnings assignment order are broader than those that may be garnished under an earnings withholding order for support," which are limited to those

---

[3]"Employer," as used here, does not mean an employer in the ordinary sense. The Family Code defines "employer" consistent with the broad definition given "earnings." (Fam. Code, § 5210.) Family Code section 5210 defines "employer" as, among other things, "[a]ny person or entity paying earnings as defined under Section 5206." (Fam. Code, § 5210, subd. (c).)

[4]Family Code section 5206 provides: " 'Earnings,' to the extent that they are subject to an earnings assignment order for support under Chapter 4 (commencing with Section 703.010) of Division 2 of Title 9 of Part 2 of the Code of Civil Procedure, include: [¶] (a) Wages, salary, bonus, money, and benefits described in Sections 704.110, 704.113, and 704.115 of the Code of Civil Procedure. [¶] (b) Payments due for services of independent contractors, dividends, rents, royalties, residuals, patent rights, or mineral or other natural resource rights. [¶] (c) Payments or credits due or becoming due as a result of written or oral contracts for services or sales whether denominated as wages, salary, commission, bonus, or otherwise.

subject to wage garnishment. (4 Cal. Family Law, Practice & Procedure (2d ed. 1996) § 141.02[3]; compare Fam. Code, § 5206 with § 706.011, subds. (a), (c).)

However, Family Code section 5206 limits the "earnings" subject to an assignment order *"to the extent that they are subject to an earnings assignment order for support under Chapter 4 (commencing with Section 703.010) of Division 2 of Title 9 of Part 2 of the Code of Civil Procedure* [hereafter chapter 4]." (Fam. Code, § 5206, italics added.)

Chapter 4 sets forth the kinds of income and property which are exempt from a writ of execution. The italicized language sensibly means that the exemptions applicable to an order of execution also apply to an assignment order unless an exception applicable to an assignment order applies.[5] (4 Cal. Family Law, Practice & Procedure, *supra*, § 141.31.) This reading dovetails with the provisions of section 703.070, subdivision (a) that: "The exemptions provided by this chapter [chapter 4] or by any other statute apply to a judgment for child, family, or spousal support." This provision is generally implemented by subdivision (b), which provides that: "If property is exempt without making a claim, the property is not subject to being applied to the satisfaction of a judgment for child, family or spousal support." Both these provisions and the provision which historically preceded Family Code section 5206, Civil Code section 4701, subdivision (1), were enacted in the same 1982 legislative session and made operative on the same date, July 1, 1983. (Cf. Stats. 1982, ch. 1364, § 2, p. 5148, and Stats. 1982, ch. 497, § 17, p. 2141, operative July 1, 1983.) The Law Revision Commission Comment to the 1982 addition to section 703.070 explains: "Subdivisions (a) and (b) of Section 703.070 codify the case law rule that exemptions [to an order of execution] apply to the enforcement of support unless there is a specific exception." (17 West's Ann. Code Civ. Proc., § 703.070 (1987 ed.) p. 295; see also legis. committee com. - Senate 1982 addition to Civ. Code, § 4701, 12A West's Ann. Civ. Code (1983 ed.) p. 517.)[6]

---

[¶] (d) Payments due for workers' compensation temporary disability benefits. [¶] (e) Any other payments or credits due or becoming due as a result of an enforceable obligation."

[5](See e.g., §§ 704.110, subd. (c)(2) [public retirement benefits], 704.115, subd. (c)(2) [private retirement plans], 704.120, subd. (e) [unemployment benefits], 704.160, subd. (c) [workers' compensation].)

[6]The grammar of the italicized language of Family Code section 5206 could be read as limiting the "earnings" subject to an assignment order to those "earnings" specifically referred to in chapter 4, i.e., to those "subject to an earnings assignment order for support under Chapter 4 . . . ." This reading makes no sense.

There are only a few references in chapter 4 to an assignment order, each of which specifies payments which are exempt from wage garnishment but which are subject to an assignment order. (See fn. 5, *ante*.) However, this reading does not square with the origin of the

By this measure we are directed to determine whether the disability insurance benefits in this case are subject to an exemption from execution in chapter 4. We conclude they are.

As noted, chapter 4 provides that "[i]f property is exempt without making a claim, the property is not subject to being applied to the satisfaction of a judgment for child, family or spousal support." (§ 703.070, subd. (b).) The significance of this language is revealed in section 704.130. It provides: "(a) Before payment, benefits from a disability or health insurance policy or program are *exempt without making a claim.* After payment, the benefits are exempt." (Italics added.)

The trial court impliedly found that the disability benefits from the Paul Revere Insurance Company are "benefits from a disability . . . insurance policy . . . ." It said: "Assuming CCP § 704.130 even applies to an assignment order (e.g., see CCP § 706.031), the benefits being paid [Husband] do not appear to be exempt. CCP § 704.115(c)(2) specifically makes such payments non-exempt when paid pursuant to a Family Code assignment order, even though they may be exempt for other purposes, including a withholding order under CCP § 706.030."

The clear implication of this passage is that, but for the reasons cited, Husband's disability benefits are benefits from a disability insurance policy. The trial court offered two reasons for denying Husband the exemption provided by section 704.130. Neither has merit.

It first suggested that section 704.130 does not apply by virtue of section 706.031. Subdivision (a) of that section provides that "[n]othing in this chapter affects an earnings assignment order for support." The suggestion is incorrect. There is no inconsistency between this provision and the exemption provided by section 704.130 since they are within different chapters. The chapter (Chapter 5), of which section 706.031 is a part, concerns wage garnishments, which as to child or spousal support, is accomplished by a " 'withholding order for support' . . . issued on a writ of execution to collect delinquent amounts payable under a judgment for the support of a child, or spouse or former spouse . . . ." (§ 706.030.) As noted, the exemptions of the chapter of which section 704.130 is a part, chapter 4, are incorporated by reference in the definition of "earnings" in Family Code section 5206, subject to any exception applicable to assignment orders.

provisions and contravenes two rules of statutory construction. First, it would require the implied repeal of section 703.070, subdivision (a). Second, it leads to the absurd consequence that only those "earnings" which are not exempt under chapter 4, e.g., rent, are subject to an assignment order.

The second reason advanced by the trial court, and also by Wife, is that section 704.130 is superseded (or preempted) by section 704.115. This too is incorrect. Section 704.115 concerns the wholly different category of disability payments from "private retirement plans," not benefits from a disability insurance policy. It applies inter alia to disability payments "held, controlled, or in process of distribution" by "private retirement plan[s]," "[p]rofit-sharing plans designed and used for retirement purposes," and "[s]elf-employed retirement plans and individual retirement annuities or accounts . . . ." (§ 704.115, subds. (a), (b).)[7] There is nothing in the record which suggests that Husband's disability benefits are "held, controlled, or in process of distribution by" such a plan. (§ 704.115, subd. (b).)[8]

Thus, the disability policy issued by the Paul Revere Insurance Company to Husband is a disability insurance policy within the exemption provided by section 704.130 and the proceeds before payment are categorically exempt from an assignment order. That being the case, Husband is entitled to an available remedy to quash the service of the assignment order on the insurance company.

## II

### *The Remedy*

■ Our conclusion that benefits in the possession of Husband's disability insurer are exempt from enforcement of his child support obligation does not mean he is entitled to an order quashing the assignment order under Family Code section 5270.

Whether or not the assignment order was served on an exempt source of income it remains valid and may be used for any appropriate purpose. A

---

[7]Section 704.115 provides with respect to disability payments:

"(b) All amounts held, controlled, or in process of distribution by a *private retirement plan,* for the payment of benefits as . . . *disability payment[s]* . . . are exempt.

"(c) Notwithstanding subdivision (b), where an amount described in subdivision (b) becomes payable to a person and is sought to be applied to the satisfaction of a judgment for child, family, or spousal support against that person:

". . . . . . . . . . . . . . . . . . . .

"(2) If the amount sought to be applied to the satisfaction of the judgment is payable periodically, *the amount payable is subject to an earnings assignment order for support as defined in Section 706.011* or any other applicable enforcement procedure . . . ." (Italics added.)

[8]Section 704.115 does not, in any event, provide an unqualified exception for private retirement plans. It subjects the exception to the discretionary application of section 703.070, subdivision (c). (§ 704.115, subd. (c).) And it subjects the exception to maximum amounts that may be withheld under section 706.052. (*Ibid.*)

challenge to the service of an assignment order upon exempt income is not a ground under Family Code section 5270 upon which the service may be quashed[9] and accordingly is not subject to the procedural limitations of Family Code section 5271.[10] Nor was Husband given notice by the Judicial Council Form served upon him that an assignment order is subject to exemptions.[11]

This does not mean that Husband has no remedy. Although no remedy is provided by statute, the courts are authorized to fashion an appropriate remedy through the exercise of their inherent equitable and supervisory powers.[12] "[C]ourts have inherent equity, supervisory and administrative powers (*Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 635 . . .) as well as inherent power to control litigation before them. (*Western Steel & Ship Repair, Inc.* v. *RMI, Inc.* (1986) 176 Cal.App.3d 1108, 1116-1117 . . . .) Inherent powers of the court are derived from the state Constitution and are not confined by or dependent on statute. (*Walker* v. *Superior Court* (1991) 53 Cal.3d 257, 267 . . . .) [¶] California courts have fashioned new forms of procedures when required to deal with the rights of the parties and to manage the caseload of the court. For example, in *James H.* v. *Superior Court* (1978) 77 Cal.App.3d 169, 175 . . . , the Court of Appeal held that the juvenile court had the inherent power to hold a required competency hearing even though the juvenile court law failed to provide for such a proceeding. The court based its holding on the principle that: 'Courts have the inherent power

---

[9]Family Code section 5270 provides in relevant part:
"(a) An obligor may move to quash an assignment order on any of the following grounds:
"(1) The assignment order does not correctly state the amount of . . . support ordered by the courts.
"(2) The alleged obligor is not the obligor from whom support is due.
"(3) The amount to be withheld exceeds that allowable under federal law . . . ."

[10]Section 5271, subdivision (a), provides: "The motion and notice of motion to quash the assignment order shall be filed with the court issuing the order within 10 days after delivery of the copy of the assignment order to the obligor by the employer."

[11]The Judicial Council form, revised July 1, 1994, gives only the broad definition of "earnings" from Family Code section 5206, excluding therefrom the language which incorporates the exemptions discussed in this opinion. It informs the obligor, in a section entitled "Information For All Obligors," only that "Family Code section 5270 describes the procedures available for you to ask the court to quash this order." It does not identify the grounds upon which the order may be quashed but directs the obligor to "the procedure set forth in Family Code section 5271." As noted, that section provides no remedy for the exemption at issue in this case.

[12]As noted, Family Code section 5206 defines "earnings" in a manner which incorporates the Enforcement of Judgments Law's provisions on property which is exempt. However, the Family Code does not incorporate the Enforcement of Judgments Law's procedure for releasing an improvident levy on property that is exempt without making a claim. (See § 703.510, subd. (b): "If property that is exempt without making a claim is levied upon, it may be released pursuant to the exemption procedure provided in this article.") Thus, Husband cannot be faulted for failing to utilize that procedure in this case.

to create new forms of procedure in particular pending cases. "The . . . power arises from necessity where, in the absence of any previously established procedural rule, rights would be lost or the court would be unable to function." ' (*Ibid.*) (See also, *Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 648-649 . . . ['A trial court is empowered to exercise its supervisory power in such a manner as to provide for the orderly conduct of the court's business and to "guard against inept procedures and unnecessary indulgences which would tend to hinder, hamper or delay the conduct and dispatch of its proceedings." ']; *Adamson* v. *Superior Court* (1980) 113 Cal.App.3d 505, 509 . . . ['Courts are not powerless to formulate rules of procedure where justice demands it.']; *Santandrea* v. *Siltec Corp.* (1976) 56 Cal.App.3d 525, 529 . . . disapproved on another point in *Bauguess* v. *Paine, supra,* 22 Cal.3d 626, 639, fn. 8 ['Every court has the inherent power to regulate the proceedings of matters before it and to effect an orderly disposition of the issues presented.']; *Mowrer* v. *Superior Court* (1969) 3 Cal.App.3d 223, 230 . . . ['A court has inherent power to exercise reasonable control over all proceedings connected with the litigation before it.'].)" (*Cottle* v. *Superior Court* (1992) 3 Cal.App.4th 1367, 1377-1378 [5 Cal.Rptr.2d 882], parallel citations omitted.)

In *Evans* v. *Superior Court* (1942) 20 Cal.2d 186 [124 P.2d 820] the court held the building and loan commissioner's act of taking possession of the property and assets of a savings and loan society was part of the "process of liquidation" within the meaning of a statute which prohibited levy of execution pending the process of liquidation. (*Id.* at pp. 187-191.) The commissioner was entitled to a writ of mandate directing the respondent superior court to recall a writ of execution which had been levied against the society by one of its creditors after the commissioner had taken possession of the society's assets. The court explained the "respondent court had the power and it was its duty to recall the writ of execution if it was improvidently issued. [Citation.]" (*Id.* at p. 188.)

In this case, the trial court's power to control its proceedings includes the power to control its own assignment order and, where necessary, to quash its improvident service on an entity providing income which is exempt from enforcement of a child support obligation.

Husband sought only to quash the "placement" of the assignment order on his disability insurer, the Paul Revere Insurance Company. We will treat this as a motion to quash service on the insurer. Since Husband is entitled to a mandatory exemption from the assignment order for benefits from a disability insurance policy there is no equitable defense in this case to the quashing of service except for a claim of laches as to the money already paid Wife.

However, since the motion to quash service on the insurer affects only the prospective payment of disability benefits to Husband, there can be no defense predicated upon the timeliness of the motion. (See, e.g., *Estate of Hume* (1918) 179 Cal. 338, 342-343 [176 P. 681].)

## DISPOSITION

There being no equitable defense to the motion to quash service on the ground the insurance proceeds are exempt, the order denying the motion to quash the service of the assignment order is reversed. The trial court is directed to issue an order quashing the service of the assignment order upon Paul Revere Insurance Company. Husband is awarded his costs on appeal.

Davis, J., and Nicholson, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 20, 1996.