CASE 61—ACTION BY W. D. FLETCHER AGAINST C. A. MORRISON AND OTHERS TO RECOVER A HOUSE AND LOT.—JAN. 18.

## Morrison, &c. v. Fletcher.

APPEAL FROM HARDIN CIRCUIT COURT—T. R. McBEATH, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF. DEFENDANTS APPEAL. REVERSED.

DEEDS—DELIVERY—WILLS—INCONSISTENT RIGHTS—ELECTION—LIMITATIONS—PROBATE OF WILLS—ADVERSE POSSESSION—LIFE TENANTS—DUTY TO PAY TAXES.

1. The execution and recording of a deed from a mother to her daughter, conveying land to the latter subject to a life estate in favor of the former, authorizes the presumption that the deed was delivered and accepted.

2. Where a mother conveyed land to her daughter in fee, subject to a life estate in her own favor, and later devised all her property, including that conveyed, to her daughter for life, the daughter was put to an election as to whether she would accept the property conveyed under the deed or under the will.

3. Where a mother conveyed land to her daughter in fee, subject to

Morrison, &c. v. Fletcher.

a life estate in her own favor,. and later devised the same land, with other property, to her daughter for life, and the daughter, on going into possession of the property conveyed at her mother's death, manifested no intention to hold it under a claim of title different from that under which she held the other property, and attached no importance to the deed, and never withdrew the original from the office in which it was recorded, she would be deemed to have elected to take the property under the will, and not under the deed; nor did the fact that she devised all her property to her husband indicate a contrary election, where she owned 'a considerable estate in addition to that received from her mother.

4. Where the will of a nonresident is legally admitted to probate in the State of her last residence, ancillary probate in this State, in order to complete the title to lands in this State, is not subject to the ten-year statute of limitations

5. A judgment of the county court admitting either a foreign or domestic will to probate can not be attacked in a collateral action or proceeding.

6. It is unnecessary for a remainderman to take actual possession of the property after the death of the life tenant in order to complete his title thereto.

7. The possession of a life tenant, however long or continuous, is not adverse to the remainderman.

8. One in possession of property, either as life tenant or tenant in fee, is personally liable for the taxes during her possession, and the property itself is also bound therefor.

MONTGOMERY & MONTGOMERY and J. P. O'MEARA, Attorneys for Appellants.

POINTS AND AUTHORITIES.

The appellants contend that:

1. The pleadings of the plaintiff below, appellee here, do not authorize the relief granted. Ky. Stat., sec. 11.

2. The probate of Mary M. Morrison's will can not be collaterally attacked in this case. Ky. Stat., sec. 4852; Johnson v. Bard et al., 54 S. W., 721; Whalen v. Nisbet, 95 Ky., 464.

3. The deed made by Mary M. Morrison to Georgie A. Morrison was never delivered to or accepted by Georgie A. Morrison. Jackson v. Leck, 12 Wend., 107; Herbert v. Herbert, 12 Am. Dec., 192; Taylor et al. v. Street, 5 L. R. A., note p. 121; Peck et al. v. Rees, 13 L. R. A., 714, quoting Young v. Guilbeau, 70 U. S., 3 Wall., 636; Weber v. Christian, 2 Am. St. Rep., 68; Thompson v. Jackson, 10 Bush, 429; Bell v. Farmers'• Bank of

Kentucky, 11 Bush, 34; Colee v. Colee, 17 Am. St. Rep., 347; Jones' Evidence, secs. 300, 502; Devlin's Deeds (2d ed.), vol. 1, sec. 289.

4. Georgie A. Morrison elected to take under the will of her mother, Mary M. Morrison, and so, even had the deed been delivered to and accepted by her, she could not now take this property. Pomeroy's Equity Jur. (2d ed.), vol. 1, sec. 472; Story's Equity Jur. (6th ed.), vol. 2, secs. 1093, 1094, 1095; Bigelow on Estoppel, 503, 504; Gore v. Stephens, 1 Dana, 203.

5. If the deed was effective and Georgie A. Morrison elected to hold the house and lot under this deed, then having taken property under the will, compensation is due these appellants; and if she did not elect, or elected in ignorance of her rights, and her devisee can now elect, which is denied, then these appellants are entitled to compensation for the said property, which compensation has become the value of the fee simple, before the court will adjudge the appellee the said house and lot. Pomeroy's Eq. Jur., secs. 467, 468, 469, 512, 516; Story's Eq. Jur., secs. 1083, 1084, 1085, 1098; William's Exors., 5th Am. Ed., vol. 2, pt. 3, b. 3, c. 4, s. 9; Smart v. Baugh, 3 J. J. Mar., 365; Cox v. Rogers, 77 Pa. St., 160; Waterbury v. Netherland, 6 Heisk., 512; Am. & Eng. Ency. of Law (2d ed.), Equitable Election, pp. 107, 108; Pickersgill v. Rodger, 5 Ch. Div., 163.

6. The property has not been continuously occupied and controlled adversely to appellants by Georgie A. Morrison, by her and her tenants, under a claim of title of record for more than fifteen years prior to the filing of this suit, and limitation does not bar these appellants. Ky. Stat., sec. 2505; Simrall's Admr. v. Graham, 1 Dana, 575; McQuerry v. Gilliland, 89 Ky., 440; Am. & Eng. Ency. of Law, Equitable Election, p. 110; Story's Eq. Jur., sec. 1084; Spread v. Morgan, 11 H. L. Cas., 588.

W. A. BARRY, ATTORNEY FOR APPELLEE.

1. Where a deed is made by a mother to her daughter, who are living together in the same house, and same is put to record in the county where the property is situated, the law presumes an acceptance of the deed by the grantee, unless there is proof to the contrary. And especially is this true when the deed is beneficial to the grantee.

2. A will made and probated in the State of Arkansas, does not and can not pass any title to real estate in this State, unless probated according to the provisions of our law relating to wills of nonresidents, and this has not been done by appellant.

3. The doctrine of election does not apply to the case at bar, inasmuch as the devisee was never called upon to make an

Morrison, &c. v. Fletcher.

election or rejection under the paper called "Mary H. Morrison's will," and the fact that she took and held the property in controversy under the deed from her mother more than eighteen years, and still claims and holds the property under said deed, was and is an election to claim under the deed.

4. The failure of the appellants to probate the will in contest in this State and in the county where the land lies, for more than fifteen years after the death of the testator, is a bar to a recovery of the land in controversy by appellant. And we further claim that the record of the attempted probation of the will in the State of Arkansas, does not present such a state of facts as would authorize the same to be probated in this State.

## AUTHORITIES CITED.

Pennington v. Lawson, &c., 23 Ky. Law Rep., 1340; Bunnell, &c. v. Bunnell, &c., 23 Ky. Law Rep., 800; Am. & Eng. Dec. in Eq., 379; Ky. Stat., sec. 4849; Ky. Stat., sec. 4854; Sneed v. Ewing, 5 J. J. Mar., 460; Robertson v. Barbour, 6 Mon., 523; Dupoyster v. Gagani, 84 Ky., 403; Helm v. Rookesby, 1 Met., 49; Whalen v. Nisbet, 95 Ky., 464; Allen v. Froman, 96 Ky., 313; Ky. Stat., sec. 2514; Williams v. Jones, &c., 14 Bush, 418; Stephenson v. Bannister, 3 Bibb, 369.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

The record in this case presents a controversy between the appellants C. A. Morrison and Lucy A. Morrison (formerly Lucy A. Richardson) and the appellee, W. D. Fletcher, over the title to a house and lot situated in the city of Elizabethtown, Ky.; the former claiming it as devisees in remainder under the will of Mary M. Morrison, the latter as sole devisee under the will of his wife, Georgia A. Fletcher, nee Georgia A. Morrison. It appears that the real estate in question was formerly owned by Mary M. Morrison, a widow, and resident of De Witt, Ark., and that she, while on a visit to Kentucky, by deed of date October 22, 1879, conveyed it to her daughter, Georgia A. Morrison, therein reserving to herself a life estate in the property. After acknowledging the deed before a deputy of the clerk of the Hardin county court, Mrs. Morrison returned to

her home in Arkansas, leaving the deed with J. W. Fletcher, an uncle of appellee, to be, as he testified, put to record, and it was lodged by him for record in the office of the clerk of the Hardin county court January 17, 1880, and soon thereafter duly recorded. Some time in the year 1882, Mary M. Morrison died at her home in De Witt, Ark., testate, and in September of that year her will was duly admitted to probate in the probate court of Arkansas county, in the State of Arkansas. By the provisions of her will, the testatrix devised to her daughter, Georgia A. Morrison, all the property, real and personal, of which she died possessed. The real estate, however, was only devised the daughter for life, with remainder, in the event of her death without issue, to Robert Scanland, a brother of testatrix, and at his death to appellants C. A. Morrison and Lucy A. Morrison, nee Richardson, nephew and niece of her deceased husband. The real estate thus devised consisted of a house and three parcels of land in De Witt, Ark., and the house and lot in Elizabethtown, Ky., in controversy. The testatrix and her daughter, Georgia A. Morrison, were living with Robert Scanland in De Witt, Ark., at the time of the death of the former, and after her death the daughter continued to live with him several years, and until his death. On the 10th of March, 1899, she intermarried with the appellee, W. D. Fletcher, with whom she lived until her death, which occurred February 10, 1901. No children were born to Georgia A. Fletcher, but she left a will, whereby she undertook to devise her husband all of her property, real and personal. The will was duly admitted to probate by the county court of Meade county, Ky., in which county she and her husband were domiciled at the time of her death. As before stated, the house and lot in controversy is claimed by appellee under the will of his wife,

and this action was brought to quiet his title to same, as well as to recover of appellants damages for certain alleged acts of trespass committed by them upon the property and by interfering with his tenants, it being averred in the petition that while he was in the peaceable possession of the house and lot, the appellants C. A. Morrison and Lucy A. Morrison, together with Frank Morrison, her husband, and James Montgomery, appellants' attorney, set up claim to same as the property of appellants C. A. and Lucy Morrison, and were attempting to deprive him of the possession thereof, and had in fact collected of his tenants certain rents by making them believe that appellants were entitled to the same. The petition, as amended, contains the further averment that appellee's wife, Georgia A. Fletcher, obtained a fee-simple title to the house and lot in controversy by virtue of the deed from her mother, and that upon the death of the mother, she took possession of the property under the title conveyed her by the deed, and remained in the possesion thereof under the deed until her death.

The answer of appellants denies appellee's title, or that his wife ever accepted the deed from her mother, and avers that her interest in and title to the house and lot was only a life estate under the will of her mother, Mary M. Morrison; and, further, that, as she died childless, and the first or intermediate remainderman, Robert Scanland, is also dead, appellants C. A. and Lucy A. Morrison, under the provisions of Mary M. Morrison's will, became invested with an absolute title to the property as surviving remaindermen. The chancellor, however, adopted the contrary view, and by the decree rendered adjudged that Georgia A. Fletcher acquired title under the deed from her mother, and not by the will, and therefore that the will of Georgia A. Fletcher invested appellee with the title thus acquired

by her. Consequently he was granted all the relief asked in the prayer of the petition.

A careful reading of the record inclines us to the opinion that the deed from Mary M. Morrison to Georgia A. Fletcher, nee Morrison, was never manually delivered to the latter. It is not shown by the evidence that the daughter was with the mother, or in this State, when the deed was executed. Upon the contrary, the circumstances attending the making of the deed create the inference that she was then at her home in Arkansas, for, if with her mother, some one of the several witnesses who testified to the fact of seeing the mother during her visit to Kentucky would have told of seeing the daughter. Indeed, we might go further, and say the record furnishes no evidence that tends to prove that the daughter was ever in Kentucky after the year 1878 until she came into the State as the wife of the appellee. According to the testimony of J. W. Fletcher, the deed from Mrs. Morrison to her daughter was left with him to be recorded. In Bunnell, etc. v. Bunnell, etc., 64 S. W., 424, 23 Ky. Law Rep., 805, it is said: "Delivery [of the deed] is the act finally that divests the grantor of title, and acceptance the concurring act that invests the grantee. One may be established by entirely different proof, and, indeed, to have occurred on a different occasion from the other. Upon reconsideration of these cases, we are inclined to adhere to the doctrine that when the grantor has executed a deed by signing it, completely acknowledging it, and causing it to be lodged for record and recorded in the proper office for registry, under the authority of Ford v. Gregory's Heirs (10 B. Mon., 175) and McConnell v. Brown (Litt. Sel. Cas., 459), supra, a *prima facie* case is made, or presumption is raised, that he has delivered the instrument on the day of its date; this presumption, of course, sub-

ject to be rebutted by competent proof of either a non-delivery in fact, or of a delivery at another time than the date of the instrument. Such facts, however, raise no presumption of an acceptance by the grantee (Owings v. Tucker, 90 Ky., 297, 12 R., 222, 13 S. W., 1078), save where a clearly beneficial interest is conferred." Applying the above rule to the facts of the case at bar, we are inclined, in view of the relationship of the grantor and grantee, and the apparent beneficial character of the conveyance, to hold that the due execution and recording of the deed in question authorizes the presumption that there was both a delivery and acceptance thereof. Although a *prima facie* acceptance of the deed by Georgia A. Fletcher is shown by the facts and circumstances referred to, her right to the possession of the house and lot thereby conveyed did not accrue until the death of her mother in 1882, which terminated the life estate in the property reserved to the mother by the deed. Upon the death of her mother, Georgia A. Fletcher took the title, as well as the possession, of the property devised her by the will, and the house and lot conveyed her by the deed was included in the realty given her for life by the will. Under these circumstances, an election upon her part was necessary. In Bigelow on Estoppel, pp. 503, 504, it is said: "A party can not occupy inconsistent positions; and where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the facts, determines his election, and works an estoppel. . . . It is an old rule of equity that one who has taken a beneficial interest under a will is thereby held to have confirmed and ratified every other part of the will, and will not be permitted to set up any claim or right of his own, however

legal or well founded it may otherwise have been, which would defeat or any way prevent the full operation of the will. Thus, if a man bequeath to another property which belongs to a third person, to whom he gives by the same will other parts of his estate, such third person must convey his property to his devisee, or he can not take the property devised to him under the will. The only question in such case is, did the testator intend (upon the face of the will) that the property should go in such a manner, and had not he the power to do so?" "It is immaterial whether the testator thought he had the right, or, knowing the extent of his rights, intended by an arbitrary exertion of power to exceed them. In either case, the legatee, as such, can not dispute the ownership of the property bequeathed to the other, and he can only take the property on the terms upon which it is given." Pom. Eq. Jurisp. (2d Ed.) vol. 1, section 742. In Gore v. Stephens, 1 Dana, 203, 25 Am. Dec., 144, it was said by this court: "It is one of the leading maxims in equity that a person shall not claim an interest under an instrument, whether a deed or will, without giving free effect to the instrument as far as he can. If the testator give what is not his property, but which he supposed to be his, and gives to the person whose property it is an interest by his will, that person will not be permitted to defeat the disposition where it is in his power, and yet take under the will, and the same rule applies though the testator knew that he had no right to dispose of the lands, and yet, knowing it, takes upon himself to dispose of them. . . ." Story's Eq. Jurisp., sec. 1096.

In the light of the foregoing authorities, it is manifest that Georgia A. Fletcher could not take under both the deed and will. It is also clear that Mary M. Morrison, after conveying her the property in controversy by deed, intended

to abrogate the deed, and doubtless thought she accomplished that end in devising to the daughter by her will the same property with the residue of her estate, and this intention of the mother was, we think, effectuated by the daughter and devisee by an election on her part to stand by the will, and to take the property therein devised her under its provisions.  Obviously, in making such election, she understood her rights under the deed and will, for, according to the evidence, she had and kept a copy of the will from the time it was probated until her death, and, in addition to the presumption arising from the recording of the deed, of its acceptance by the grantee, and her consequent knowledge of its terms and provisions, it was further shown by the evidence that she was informed of its existence in 1883 or 1884, through Scanland, her uncle and agent, to whom the fact was communicated by J. W. Fletcher.  It also appears from the deposition of J. A. Gibson, a lawyer of De Witt, Ark., and the legal adviser of her mother, that Georgia A. Fletcher received under her mother's will from $3,000 to $4,000 in money, and that she further received and had in possession until her death the house and lots in De Witt devised her for life by the will. There was no evidence conducing to prove that Georgia A. Fletcher held the Elizabethtown property in a manner or under a claim of title different from that under which she held the Arkansas property.  Upon the contrary, it appears she did not attach any importance to the deed, and in fact never withdrew the original from the clerk's office in which it was recorded.  Indeed, the evidence disclosed by the record preponderates in favor of appellants' contention that she held the house and lot in controversy under the will, regardless of the deed, and any other view of the matter

would be inconsistent with her conduct throughout, and at variance with the circumstances attending her control of the property. Nor does the fact that Georgia A. Fletcher left a will making appellee her sole devisee militate against this view, for it appears from the evidence that she owned at the time of her death a very considerable estate in addition to that received from her mother.

We are unable to sustain appellee's contention that the will of Mary M. Morrison was improperly admitted to probate by the Hardin county court, or that the statute of limitation barred appellants' right to have it probated in this State. Upon this question we do not regard Allen v. Froman, 96 Ky., 314, 16 R., 634, 28 S. W., 497, as an authority in point. In that case there was an attempt to make an original probate in this State of a copy of the will of one who was a resident of another State at the time of his death, and, it appearing that the original had never been probated in the State of the testator's residence, and that his death occurred more than twenty years before the copy was offered for probate in this State, it was properly held by this court that the right of probate was barred by the ten-year statute of limitation. But the will of Mary M. Morrison had been, as it appeared, legally admitted to probate in a court of competent jurisdiction in the State of Arkansas, where the testatrix resided at the time of her death. The will was presented to the Hardin county court solely for ancillary probate because some of the property affected by it lies in that county, and under the authority of Johnson v. Baird, 54 S. W., 721, decided by this court, the limitation applied in Allen v. Froman, supra, could not be applied to this will, and did not prevent the county court from admitting it to probate. In any event, it has been conclusively settled by this court that the judgment

of a county court admitting a will to probate can not be attacked in a collateral action or proceeding, and this is true of foreign as well as domestic wills. Whalen v. Nisbet, etc., 95 Ky., 464, 16 R., 52, 26 S. W., 188; Ky. St., 1903, sec. 4852.

We think the chancellor attached undue importance to Georgia A. Fletcher's possession for more than fifteen years of the house and lot in controversy, and to the fact that she paid the taxes thereon during that time. If, after her mother's death, she elected to hold the property under the deed, notwithstanding the will of her mother, actual possession of it by her was unnecessary. Upon the other hand, if she elected to take the property under the will, her possession, however long or continuous, was not adverse to the title of the remaindermen, and, in any event, she was personally liable for the taxes, and the property was also bound therefor during her possession of it, whether it was held by her as tenant for life under the will or as the owner of the fee under the deed.

The foregoing conclusions make it unnecessary for us to consider the contention made by counsel for appellants that, if Georgia A. Fletcher elected to take the property in controversy under the deed from her mother, and also received the remaining estate devised her by her mother's will, compensation is due appellants' from appellees, as her devisee, for the property conveyed her by the deed.

Being of the opinion that the chancellor erred in the conclusions reached by him, the judgment is reversed, and cause remanded, with directions to the lower court to set it aside, and enter in lieu thereof judgment dismissing the petition, and giving appellants C. A. and Lucy A. Morrison the house and lot in controversy, and for such further proceedings as may be consistent with the opinion.