R. L. HENDERSON *et al.* V. J. S. BELDEN.

No. 15,548.   (95 Pac. 1055.)

SYLLABUS BY THE COURT.

EJECTMENT—*Demurrer to Petition—Devisee—Unrecorded Will.*
In view of sections 24 and 29 of the act relating to wills (Gen. Stat. 1901, §§ 7961, 7966), the former providing that authenticated copies of wills executed and proved according to the laws of another state may be admitted to record in the probate court of any county of this state where any property to which it relates is situated, and shall thereupon have the same validity as domestic wills, and the latter that no will shall be effectual to pass real or personal estate unless it shall have been duly admitted to probate or recorded as provided in said act, a petition in ejectment is demurrable which bases the plaintiff's right to recover upon an allegation that real property in Kansas was devised to him by a will which had been duly admitted to probate in another state but is silent as to any record thereof having been made here.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed May 9, 1908. Affirmed.

*Francis M. Hayward, C. S. McLane, O. L. Miller, W. J. Buchan,* and *C. A. Miller,* for plaintiffs in error.

*Junius W. Jenkins, Milton Moore, S. A. Handy,* and *Horace S. Kimbrell,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: This proceeding is brought to reverse a ruling sustaining a demurrer to a petition which is substantially one in ejectment. The plaintiffs claim title as devisees in a will duly probated in Maryland. The petition does not allege, however, that the will has ever been admitted to probate or record in this state. The Kansas act relating to wills contains these provisions:

"Authenticated copies of wills executed and proved according to the laws of any state or territory of the United States, relative to any property in this state, may be admitted to record in the probate court of any county in this state where any part of such property may be situated; and such authenticated copies so recorded shall have the same validity as wills made in this state in conformity with the laws thereof." (Gen. Stat. 1901, § 7961.)

"No will shall be effectual to pass real or personal estate unless it shall have been duly admitted to probate or recorded as provided in this act." (Gen. Stat. 1901, § 7966.)

It is manifest that the words "or recorded" in section 7966 have reference to the recording of foreign wills provided for in section 7961. The plaintiffs suggest no other interpretation of the statute, but contend that as against a demurrer the allegation of their petition that the owner of the land "devised" it to them must be held to imply that whatever steps were necessary to make the devise effectual were taken, including the probate and recording of the will. Possibly a broad general allegation that the owner devised the land to the plaintiffs might have been entitled to receive this very liberal construction. But the plaintiffs set out specifically a

part of the court proceedings upon which they must rely (the original probate of the will), and it can not be presumed in their behalf that other proceedings had been had (a supplementary probate and record in this state) which they do not mention.

As these considerations compel an affirmance of the judgment it is unnecessary to determine any of the other questions discussed in the briefs.

The judgment is affirmed.