### SCHRADER et al. v. PARKER.

(Circuit Court of Appeals, Eighth Circuit. December 5, 1921.)

No. 5737.

1. Wills ⊘═246—Under statute, courts of Kansas without jurisdiction to determine validity of foreign probated will.

> Under Gen. St. Kan. 1915, § 11807, providing that no proceedings shall be had in the state to contest a will which is executed and proved according to the law of the state of domicile of the testator, a decree of a Kansas court declaring invalid a will executed by a testator domiciled in Missouri *held* void for want of jurisdiction over the subject-matter.

2. Wills ⊘═733 (6, 7)—Devisee under foreign will acquires no title to land in Kansas until copy of will is recorded.

> Under Gen. St. Kan. 1915, §§ 11779, 11784, providing for the admission to record in that state of authenticated copies of wills executed and proved according to the laws of another state, and that no will is effectual to pass title to real or personal estate until admitted to probate or recorded as therein provided, a devisee of land in Kansas by the will of a testatrix domiciled in Missouri, prior to the proving of such will and the admission of a copy to record by the probate court in Kansas *held* to have no title which could be asserted or determined in an action in ejectment in Kansas.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by John W. Parker against A. L. Schrader and others. Judgment for plaintiff, and defendants bring error. Affirmed.

E. R. Morrison, of Kansas City, Mo. (G. W. Hurd, of Abilene, Kan., and L. Newton Wylder, of Kansas City, Mo., on the brief), for plaintiffs in error.

Henry S. Conrad, of Kansas City, Mo., for defendant in error.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The question presented in this case is the effect of a prior judgment as a bar to this action. The action is in ejectment, and judgment was entered for the plaintiff. A jury was waived, and special findings of facts and law were made by the court.

⊘═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

No challenge is made of the findings of fact, and the assignments of error relied upon charge that the judgment is not supported by the findings. The essential facts are few:

The parties claim title to land in Dickinson county, Kan., from a common source in Fanny S. Hallam. Mrs. Hallam on July 4, 1916, executed a will by which she devised the land in question to John W. Parker, the plaintiff below. The next day, July 5, she executed a deed to Parker for the same land. Mrs. Hallam died on August 3, at Kansas City, Mo., and on August 8 her will was admitted to probate there. On August 10 the heirs at law of Mrs. Hallam began suit against Parker in the district court of Dickinson county seeking to cancel the deed made to him by Mrs. Hallam. Parker filed his answer November 20, and plaintiffs replied thereto, and some time after March 12, 1917, a decree was entered for the plaintiff, canceling the deed to Parker. An appeal to the state Supreme Court was dismissed for lack of prosecution and the decree became final. In the meantime, on January 27, 1917, Parker filed in the probate court of Dickinson county an authenticated copy of the will of Mrs. Hallam and of its probate in Missouri and petitioned to have it admitted to record in the probate court of Dickinson county. A protest against this allowance was filed by one of the heirs, but on August 12, 1918, the will was admitted to record by the probate court of Dickinson county, and this order had also become final. On July 2, 1918, the heirs at law conveyed the land to the defendant Schrader.

This suit in ejectment was begun by Parker against Schrader in November, 1918. Parker claims title by reason of the will of Mrs. Hallam and its admission to record in the probate court of Dickinson county. The claim of Schrader is that the decree of the district court of Dickinson county is an adjudication that Parker had no estate, legal or equitable, in the land. In the petition in that suit the plaintiffs not only prayed for the cancellation of the deed, but they alleged that Mrs. Hallam left no valid will, that she was mentally incompetent to transact business, manage her affairs, or to make a conveyance on July 5, 1916, and for a long period before, and also prayed judgment for possession of the land and for equitable relief. The answer of Parker alleged the execution of the will by Mrs. Hallam, its admission to probate by the probate court in Missouri, and claimed a conveyance to him thereby of the land in Dickinson county. The reply again alleged the mental incompetency of Mrs. Hallam to execute the will. The decree found that Mrs. Hallam was incapable of managing her affairs on July 4 and 5, 1916, or of making the deed to Parker and that all allegations in the petition were true. The order was that the deed be canceled and that the plaintiffs recover possession of the land. It is indisputable that the decree in the state court concluded all defenses which were made or which properly might have been made by Parker in that suit. Did that court have jurisdiction to decide the question of the validity of the will? It is a matter that depends upon statutory law, and the portions of the General Statutes of Kansas (1915) which are controlling read as follows:

"Sec. 11779.—Authenticated copies of wills executed and proved according to the laws of any state or territory of the United States, relative to any property in this state, may be admitted to record in the probate court of any county in this state where any part of such property may be situated; and such authenticated copies so recorded shall have the same validity as wills made in this state in conformity with the laws thereof."

"Sec. 11781. A copy of the will and probate thereof, duly authenticated, shall be produced by the executor or by any person interested therein, to the probate court of the county in which there is any estate upon which the will may operate, whereupon said court shall continue the motion to admit such will to probate for the term of two months; and notice of the filing of such application shall be given to all persons interested, in some public newspaper printed or in general circulation in the county where such motion is made, at least three weeks consecutively, the first publication to be at least forty days before the time set for the final hearing of the motion.

"Sec. 11782. If on hearing it shall appear to the court that the instrument ought to be allowed in this state, the court shall order the copy to be filed and recorded, and the will and the probate and record thereof shall then have the same force and effect as if the will had been originally proved and allowed in the same court in the usual manner."

"Sec. 11784. No will shall be effectual to pass real or personal estate unless it shall have been duly admitted to probate or recorded as provided in this act."

"Sec. 11807. No proceedings shall be had in this state to contest a will executed and proven according to the law of any state or territory of the United States or of any foreign country relative to property in this state; but if the said will shall be set aside in the state, territory, or country in which it is executed and proved, the same shall be held of no validity in this state as to all persons claiming under said will with notice of the same being set aside as aforesaid, and as to all other persons, from the time that an authenticated copy of the final order or decree setting the same aside is filed in the office of the probate judge of the county in which said will is recorded."

"Sec. 11806. The title of any purchaser in good faith, without knowledge of a will, to any land situated in this state, derived from the heirs of any person not a resident of this state at the time of his or her death, shall not be defeated by the production of the will of such decedent unless such will shall be offered for record in the state within two years from the final probate and establishment of such will in the state or territory in which it may have been admitted to probate: Provided, that the rights of persons under legal disability shall not be concluded by any delay or failure to record such will in this state until one year after their respective disabilities are removed."

[1, 2] By the provisions of section 11807, jurisdiction is denied to any court of Kansas to contest a will which is executed and proved according to the law of the state of domicile of the testator. So far as the decree of the state court sought to invalidate the will of Mrs. Hallam for lack of testamentary capacity, its power was therefore exerted without authority or jurisdiction over the subject-matter. The plaintiff in error contends that, even if the state court had no power to contest the will, that it had the power to confirm it, by declaring that the execution of the will and its probate in Missouri conferred an equitable title on Parker to this land, a right to have the legal title transferred to him, and that his failure to assert this equitable title bars his recovery in this action. Was Parker then possessed of any equitable title in the land? The plaintiff in error asserts that because of the death of Mrs. Hallam, her will, and its probate in Missouri, an interest in the land was conveyed to Parker, which conferred upon

him an equitable estate, which he could have set up as a defense in the suit in the state court. Under the established law of Kansas ejectment may be maintained in a state court upon a paramount equitable title, and proof of such title may be made although the petition alleges a legal title. Pope v. Nichols, 61 Kan. 230, 59 Pac. 257; Jones v. Hollister, 51 Kan. 310, 32 Pac. 1115; Riggs v. Anderson, 47 Kan. 66, 27 Pac. 112; Atchison, T. & S. F. R. Co. v. Pracht, 30 Kan. 66, 1 Pac. 319; Simpson v. Boring, 16 Kan. 248; Kansas Pac. R. Co. v. McBratney, 12 Kan. 9; 19 Corp. Jur. 1059.

In the case of Henderson v. Belden, 78 Kan. 121, 95 Pac. 1055, it was decided that a petition in ejectment was demurrable which based a right of recovery on an allegation that land in Kansas was devised to plaintiff by a will, which had been admitted to probate in another state, but which failed to allege that any record of such probate had been made in Kansas, and the decision is based upon sections 11779 and 11784 of the Kansas Statutes which have been quoted, and which provide for the admission to record in Kansas of authenticated copies of wills executed and proved according to the laws of other states and that no will is effectual to pass real or personal estate, unless it has been so admitted to probate or recorded in the proper probate court of Kansas. It has been shown that ejectment could there be maintained upon an equitable title, and this decision therefore necessarily determines that the devisee under such an unrecorded will did not have an equitable title, and therefore Parker did not have an equitable title which the court could determine in the suit in which the state court rendered the decree against him. When Parker procured the admission of the will to record in Dickinson county, after the entry of the decree by the state court, he acquired a title, assertible only from that time, which was in effect an after-acquired title not in existence at the time of the trial and decree in that suit and one which may be the basis of recovery in this action of ejectment, notwithstanding the decree in the state court and notwithstanding the attempt to make the same issues in the pleadings in that suit and the findings of that court upon such issues. Wyman v. Bowman, 127 Fed. 257, 62 C. C. A. 189; Landon v. Clark, 221 Fed. 841, 137 C. C. A. 399; Mitchell v. Insley, 33 Kan. 654, 7 Pac. 201; State v. City of Leavenworth, 75 Kan. 787, 90 Pac. 237; Hentig v. Redden, 46 Kan. 231, 26 Pac. 701, 26 Am. St. Rep. 91.

The judgment will be affirmed.