No. 33,929

OKLAHOMA CITY UNIVERSITY, *Appellee*, v. WILLIAM C. BAUGHMAN et al. (*Defendants*), JOHN W. WOOD et al., *Appellants*.

(83 P. 2d 681)

Opinion filed November 5, 1938.

S. S. *Alexander*, T. M. *Flick*, both of Kingman; H. S. *Gurley* and W. W. *Rodgers*, both of Blackwell, Okla., for the appellants.

Clark A *Wallace* and Paul R. *Wunsch*, both of Kingman, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to quiet title to a half section of land in Kingman county. Judgment went for plaintiff, and defendants have appealed.

The question here is whether the trial court erred in sustaining appellee's motion for judgment on the pleadings.

Appellee, Oklahoma City University, instituted this action under the provisions of G. S. 1935, 60-1801, and alleged it was the owner of the land and in the possession thereof. It also stated appellants claimed some interest therein, the exact nature of which was to the appellee unknown, and then asked to have its title quieted.

Appellants filed an amended answer and cross petition. Appellee filed a reply.

Facts admitted under the pleadings were, that such title as plaintiff had, if any, was obtained by virtue of the will of Mary C. Dunn, who died testate in the state of Oklahoma and devised to appellee the fee title to the land subject only to a life estate in her son-in-law, Sidney Ray Warden, and by virtue of a warranty deed from the life tenant dated May 9, 1933, which was recorded in Kingman county, Kansas, May 10, 1933. The pleadings admitted that such title as appellants had, if any, resulted from the facts that Thomas A. Dunn owned the land during his lifetime and that Mary C. Dunn was his sole heir at law. She died testate in 1930, owner in fee of the land. She left no parents, husband, children or adopted children, and appellants were her heirs at law, and if Mary C. Dunn had died intestate they would be the owners of an undivided nine-tenths interest in the land. The other interest holder made default.

Facts, fully and unconditionally admitted by the pleadings and a stipulation, were: Mary C. Dunn, a resident of Oklahoma county, Oklahoma, died testate May 28, 1930. Her will was duly proved and admitted to probate in the probate court of her residence, in June, 1930. At her death she was the owner of the land in fee simple. Sidney Ray Warden, her son-in-law, was named in her will as executor. He was appointed, qualified, and the estate was fully settled, the executor discharged and all federal estate, gift and state inheritance taxes had been fully paid. At all times since June 30, 1930, the will has been on file in the probate records of the court of probate jurisdiction in Oklahoma county, Oklahoma. The deed from the life tenant to the appellee was recorded in the office of the

register of deeds of Kingman county, Kansas, on May 10, 1933, which was less than three years after the death of the testatrix. Appellee had been in possession of the land through tenants for a period of four or five years prior to the commencement of this action, which was October 14, 1937. Duly authenticated copies of the will, codicils thereto, the order admitting the will and codicils to probate in Oklahoma, certificates of its probation, the order approving the final accounting of the executor and a decree of final distribution and discharge of the executor, were duly admitted to probate in the probate court of Kingman county, Kansas, on November 2, 1937.

Appellants contend the appellee had knowledge of the will and had the power to offer it for probate in Kingman county, Kansas, or to have it recorded in that county during a period of over three years after the death of the testatrix. The pleadings admit appellee did not do so. Appellants contend such failure rendered the foreign will ineffective to pass title to the real estate situated in this state.

In support of appellants' contention our attention is first directed to the following sections of the General Statutes of 1935:

"No will shall be effectual to pass real or personal estate unless it shall have been duly admitted to probate or recorded as provided in this act." (G. S. 1935, 22-232.)

"No lands, tenements or hereditaments shall pass to any devisee in a will who shall know of the existence thereof, and have the same in his power and control for the term of three years, unless within that time he shall cause the same to be offered for or admitted to probate; and by such neglect the estate devised to such devisee shall descend to the heirs of the testator." (G. S. 1935, 22-233.)

"If any real or personal estate shall be devised or bequeathed by the last will, the executors of such will or any person interested therein may cause the same to be brought before the probate court of the county in which such estate may be, and the court may, by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person having the custody or control of such will to produce it before the court for the purpose of being proved." (G. S. 1935, 22-208.)

"If the person having the custody or control of a will shall without any reasonable cause neglect or refuse' to produce the same for probate after being duly cited for that purpose, he may be committed to the jail of the county, there to be kept in close custody until he shall produce the will; and he shall be further liable to the action of any party aggrieved for the damages which may be sustained by such neglect or refusal." (G. S. 1935, 22-211.)

Construing the two sections, first above quoted, together, we have no doubt the lawmakers had in mind the original probate of do-

mestic wills and not the ancillary probate of foreign wills. Were this not true then no title to real estate in Kansas could ever pass to a devisee by virtue of a foreign will where the will was executed and duly probated in a state in which the law permits probation more than three years after such devisee thereunder had knowledge of its existence and power and control thereof. Appellee urges the construction contended for by appellants clearly violates the full faith and credit clause of the federal constitution, which provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." (Sec. 1, art. 4.)

We need not pass on that particular contention of appellee in the instant case. It is sufficient to say in our opinion the limitation contained in G. S. 1935, 22-233, refers to the probation of domestic wills and not to foreign wills.

In view of the foregoing we need not discuss the other pertinent conditions named in G. S. 1935, 22-233, namely, whether appellee also knew of the existence of the will *and* had the same under its power and control for a period to exceed three years after the death of the testatrix. It will be noted G. S. 1935, 22-233, does not say a foreign will shall be offered for or admitted to probate in Kansas, within three years. It simply says, "shall cause the same to be offered for or admitted to probate." The instant will was admitted to probate in Oklahoma within thirty days from the death of the testatrix.

In the instant case, not only is the proper authentication of the will admitted, but it is also admitted that before judgment, properly authenticated copies of the probate of the will in Oklahoma, and all such proceedings had thereunder in Oklahoma as were necessary to pass title to the devisees, were recorded in the office of the probate court of Kingman county, Kansas. G. S. 1935, 22-203, provides:

"A last will and testament executed without this state in the mode prescribed by the law, either of the place where executed or of the testator's domicile, shall be deemed to be legally executed, and shall be of the same force and effect as if executed in the mode prescribed by the laws of this state: . . ." (G. S. 1935, 22-203.)

This section is a part of the uniform wills act. Appellants' contention would completely vitiate the effect of that section and also the provisions of G. S. 1935, 22-227, which specifically provide for the admission to record in the probate courts of this state, properly authenticated copies of foreign wills and that such authenticated

copies so recorded shall have the same validity as wills made in this state in conformity with our laws. The limitation contained in G. S. 1935, 22-233, obviously was intended to apply only to original probate and not to ancillary probation, as otherwise some limitation would have been placed upon the recording of authenticated copies of foreign wills.

Returning now to the last two sections cited by appellants, G. S. 1935, 22-208 and 22-211, it seems clear they also refer to the original probation of domestic wills and not to ancillary probation of foreign wills. Obviously a probate court of this state has no jurisdiction to compel the probation of a foreign will while it is in the custody and control of a nonresident.

In 68 C. J., Wills, section 697, the rule is stated thus:

"Where the will of a nonresident has been admitted to probate in the jurisdiction of the testator's domicile, ancillary probate in another jurisdiction may be had after the expiration of the statutory period beyond which a resident's will would not be admitted to probate in the latter jurisdiction. It is otherwise, however, where the will has not been first probated in the state of the testator's domicile." (p. 948.)

See, also, *Johnson v. Bard*, 54 S. W. (Ky.) 721; *Morrison, &c., v. Fletcher*, 119 Ky. 488, 84 S. W. 348; *Carpenter v. Denoon et al.*, 29 Ohio St. 379. In the Morrison case it was held:

"Where the will of a nonresident is legally admitted to probate in the state of her last residence, ancillary probate in this state, in order to complete the title to lands in this state, is not subject to the ten-year statute of limitations.

"A judgment of the county court admitting either a foreign or domestic will to probate cannot be attacked in a collateral action or proceeding." (Syl. ¶¶ 4, 5.)

We are reminded our code of probate procedure was taken from Ohio. (*Citizens B. & L. Ass'n v. Knox*, 146 Kan. 734, 747, 74 P. 2d 161.) In the Carpenter case the Ohio court said:

"The neglect of a devisee for three years to cause a known will to be offered or admitted to probate, whereby the devise lapses under the thirty-fourth section of the act of 1840, refers to the original probate, and not to the admission to record of an authenticated copy of a probated will." (Syl. ¶ 3.)

We have examined various cases from this and other jurisdictions cited by appellants, but they deal with the probation of domestic wills and are therefore not helpful here. Appellants emphasize the decisions in *Henderson v. Belden*, 78 Kan. 121, 95 Pac. 1055, and *Benson v. Nyman*, 136 Kan. 455, 16 P. 2d 963. The Henderson case was an ejectment case. It was there held the petition was demur-

rable, as the petition was based solely upon the original probation of the foreign will in the foreign state and contained no allegation of a supplemental probation and recording in this state. The Benson case involved a domestic will which had been probated in Neosho county, Kansas, but not recorded in Allen county, Kansas, in which latter county the land was situated and on which the life tenant under the will attempted to collect oil and gas lease rentals. Plaintiff offered in evidence a copy of the will and the order of the probate court of Neosho county, under which the will was probated and admitted to record in Neosho county. On that specific point this court held:

"A certified copy of a will and the order of court probating and admitting it to record in one county of this state is admissible and competent evidence to establish the right of a beneficiary under the will to maintain an action in another county of the state to collect rent under a contract, made by the deceased, for the use of lands in such other county, without first being placed on record in such other county. (R. S. 60-2854.)" (Syl. ¶ 1.)

That case cannot control the decision in the instant case.

Appellants suggest, although they do not strenuously urge, the instant action was prematurely brought for the reason the authenticated copies of the will and order of probate in Oklahoma had not been recorded in the office of the probate court of Kingman county at the time this action was commenced. Such authenticated copies were recorded in the probate court of Kingman county on November 2, 1937, and were made a part of plaintiff's reply. Defendant filed its original answer after November 2, 1937. The stipulation conceded such recording on November 2, 1937, and in the stipulation it was also agreed that such proceedings and files in the probate court of Kingman county might be treated as a part of the pleadings in the action and be considered by the court in connection with the motion for judgment on the pleadings. In view of these circumstances this court obviously will not disturb the judgment on the theory the action was prematurely brought.

The judgment is affirmed.