SIMS v. SCHAVEY.

5-2495                                    351 S. W. 2d 145

Opinion delivered November 13, 1961.

[Rehearing denied December 11, 1961.]

*Ferris & Achee*, Shreveport, La.; *James M. Rowan, Jr.*, for appellant.

*Gaughan & Laney*, for appellee.

SAM ROBINSON, Associate Justice. In May, 1923, the will of Edward L. Harper, Jr., a resident of Louisiana, was admitted to probate in Caddo Parish of that State. On the 6th day of October, 1959, a petition to probate the will was filed in the probate court of Ouachita County, Arkansas. The appellants herein, heirs at law of the testator, filed a response and asked that the petition to probate the will be denied. The probate court granted

the petition and ordered the will admitted to probate. The testator's heirs at law have appealed.

The issue here is whether our statute limiting the time in which a will may be admitted to probate applies to a will of a non-resident that has been admitted to probate in a foreign jurisdiction. Ark. Stat. § 62-2121 provides: "Probate of will of non-resident.—When a will of a non-resident of this state, relative to property within this state, has been admitted to probate in another appropriate jurisdiction, an authenticated copy thereof, accompanied by an authenticated copy of the order admitting the will to probate, may be filed for probate in this state." This is Section 60 of Act 140 of the Acts of the General Assembly of Arkansas for the year 1949.

Ark. Stat. § 62-2125, which is Section 64 of the Probate Code, Act 140 of 1949, provides: "Time limit for probate and administration.—No will shall be admitted to probate and no administration shall be granted unless application is made to the court for the same within five years from the death of the decedent; this section shall not affect the availability of appropriate equitable relief against a person who has fraudulently concealed or participated in the concealment of a will." Thus it will be observed that the same Act providing for the probate of foreign wills provides a limitation of five years following the death of the testator, in which a will may be admitted to probate. A foreign will is not excepted in the Act from the limitation, and if this Court is to say that the Act limiting the time in which a will may be admitted to probate does not apply to a foreign will that has been probated elsewhere, we would have to read into the Act something that is not there.

It appears that undoubtedly one of the purposes of the five year limitation is to make secure the title to property. In the comment under Section 83 of the Probate Code (Simes, p. 106) it is said: "The five-year limitation laid down in this section is designed to take care of situations where there has been no probate or

grant of administration during the period of five years . . . By the operation of these sections the heirs may deal with the property as owners after the five-year period."

Mr. Simes, who was in charge of the research and one of the drafters of the Model Probate Code, in an address before the Louisiana Bar Association in 1953, said: "The last feature of the Model Probate Code which I wish to discuss is a limitation on the time within which probate of a will or administration is possible. . . . In common law jurisdictions, it is felt that we need provisions like this in order to make secure the title of the heir or other successor to the estate of the decedent . . ." (La. B. J., Vol. I, No. 3, p. 60)

At a legal institute held at the University of Arkansas Law School in 1957 (12 Ark. L. Rev. 38) Mr. Adrian Williamson, who had served on the committee which drafted the Arkansas Probate Code, said that he thought the words of the Act limiting the time in which a will could be admitted to probate are mandatory because it involves settling title to real property. And in reply to a question of whether the section on limitations applies to a foreign will, Mr. Williamson said (p. 50): "There is no exception mentioned, and I think it obviously does. A foreign will is not a will in Arkansas until it is probated."

We have held that the statute of limitation applies to a will of a resident of the State. *Horn* v. *Horn*, 226 Ark. 27, 287 S. W. 2d 586. But the question of whether it applies to the will of a non-resident has not been before this Court. Other courts. however, have dealt with the problem. In *Carpenter* v. *Denoon*, 29 Ohio St. 379 (1876), the Ohio court held that a statute of limitation did not apply to foreign wills. On this point the court, without elaboration, merely said: "The will was offered for and admitted to probate in the court having jurisdiction in the matter within three years from the death of the testator."

In *Oklahoma City University* v. *Baughman,* 148 Kan. 510, 83 P. 2d 681, 119 A. L. R. 1255, the Kansas court followed the decision of the Ohio court in the *Carpenter* case, pointing out that the Kansas code of probate procedure was taken from Ohio.

In the Hawaii case of *In re Estate of Newell,* 10 Hawaii 80, the court followed the decision in the Ohio case.

On the other hand, the Kentucky court, in *Foster* v. *Jordan,* 113 S. W. 490, held that a similar statute of limitation did apply to foreign wills. The court distinguished *Morrison* v. *Fletcher,* 119 Ky. 488, 84 S. W. 548, and pointed out that the *Morrison* case should not be construed as holding that the Kentucky statute of limitation for probating wills did not apply to foreign wills, and later, in the case of *Hoagland* v. *Fish,* 238 S. W. 2d 133 (1951), the Kentucky court again held that "The right to probate a will, whether it be of a resident or nonresident of the state, is barred by the ten year statute of limitations when it is interposed." To the same effect are the Texas case of *Nelson* v. *Bridge,* 86 S. W. 7, and the Missouri case of *Wyers* v. *Arnold,* 147 S. W. 2d 644. We think the better rule is the one adopted by the states of Kentucky, Texas and Missouri, and we feel that it was the intention of the General Assembly that Ark. Stat. § 62-2125 should apply to the wills of nonresidents as well as to the wills of residents. The judgment is therefore reversed with instructions to deny the petition and to admit the will to probate.