**J. C. MINCHEW, Appellant,**

v.

**Ezra TULLIS, Jr., Appellee.**

**No. 5–2997.**

Supreme Court of Arkansas.

June 3, 1963.

Smith & Smith, McGehee, Coleman, Gantt & Ramsay and John G. Lile, Pine Bluff, for appellant.

Clifton Bond, Monticello, for appellee.

JOHNSON, Justice.

This appeal involves the interpretation and construction of the words "application made to the court" as contained in Ark.Stat. Ann. § 62–2125 (Supp.1961), Time limit for probate and administration.

J. M. Minchew, a widower, had a will prepared and executed on July 5, 1946. After making nominal bequests to his living daughter, Dollie Minchew Tullis (the survivor of two daughters who married brothers), and his grandson (son of the deceased daughter), he left the residue of his property to his two sons, J. C. Minchew and Willie V. Minchew, who lived and worked on the farm with their father, who were also named as executors in the will.

J. M. Minchew died on March 7, 1954, in Desha County. On March 10th a petition for probate was filed by the sons, together with the will, a proof of will executed by one of the attesting witnesses, and an affidavit of proof of signature of the other attesting witness who was a nonresident. The cause was placed on the Desha Probate docket as number 949. No further action was taken in the case until October 11, 1955, when the proceedings were removed from the active docket by order of the probate judge, with the provision that it might be reinstated upon request of any interested party to the probate clerk.

On May 21, 1957, Willie V. and J. C. Minchew petitioned the court to restore the case to the active docket, which was done by court order. (Willie V. Minchew died thereafter on October 25, 1961.)

On November 28, 1961, appellee Ezra Tullis, Jr., grandson of the deceased J. M. Minchew, filed objections to the admission of the will to probate, alleging failure of appellant, J. C. Minchew, to make application for probate of the will and a grant of administration within five years from the death of the decedent.

Appellant petitioned the court on December 6, 1961, for a hearing date on the petition to probate J. M. Minchew's will.

On March 22, 1962, trial was held before the Hon. Lawrence E. Dawson, Judge of the Probate Court of Jefferson County, Second Division, on exchange, in the Probate Court of Desha County, McGehee District. By agreement of counsel the matter was heard on the one issue of whether appellant had complied with Ark.Stat.Ann. § 62–2125 (Supp.1961). It was further agreed that if appellant prevailed in the trial court, appellee could proceed with the trial of other issues or he could take an appeal on this one issue. The opposite was true, if appellee prevailed.

The opinion of the court was rendered on March 30, 1962, holding that the will was barred from admission to probate by the five year statute of limitation, Ark.Stat. Ann. § 62–2125 (Supp.1961), since no application for the admission of the will to probate had been made to the probate court within five years from the death of the decedent. An order was entered in accordance with the opinion on October 4, 1962. This appeal followed.

For reversal appellant maintains that the probate court erred in ruling that appellant had not made application to the court in the time and manner required by Ark.Stat.Ann. § 62–2125, when appellant filed a petition for probate, along with the will, three days after the death of the testator.

Ark.Stat.Ann. § 62–2125 (Supp.1961) reads as follows:

> "Time limit for probate and administration.—No will shall be admitted to probate and no administration shall be granted unless *application is made to the court* for the same *within five years from the death of the decedent*; this section shall not affect the availability of appropriate equitable relief against a person who has fraudulently concealed or participated in the concealment of a will." [Italics ours.]

Appellee cites Sims v. Schavey, 234 Ark. 166, 351 S.W.2d 145, in support of the trial court's ruling that probate was here barred by the five-year limitation. In the Sims case we held that our five year statute on probation of wills applied to foreign wills as well as to wills of this state, in order to make secure the title to property. The Sims case, however, does not deal with the specific question here involved, which is conceded to be the interpretation and construction of the words "application made to the court" as contained in § 62–2125, supra.

Since the enactment of the Probate Code in 1949, there have been no cases decided which dealt with the meaning of the term "application made to the court" as contained in this statute (§ 62–2125, supra).

284

Appellant contends that "application made to the court" is synonymous to "petition is filed", whereas appellee contends that "application made to the court" is virtually synonymous to "probate of a will", although appellee does concede that the statute does not state that a will must be *admitted to probate* within the five years. The trial court in its opinion found, in essence, that a personal appearance before the probate court is necessary to constitute "application to the court". Appellee asserts that at least a hearing must be set on a petition for probate before "application" has been "made to the court", although recognizing that the Probate Code allows the court to hear a petition for probate immediately upon filing or at such time and place as the court may direct.

We consider the Probate Code particularly thorough and perspicuous legislation. Examination of an earlier section of the Code leaves no doubt about the meaning of an "application made to the court":

"Application to court by verified petition.—Every *application to the court,* unless otherwise provided, *shall be by petition,* signed and verified by or on behalf of the petitioner. This requirement shall be mandatory but not jurisdictional, and non-compliance therewith shall not alone be ground for appeal." Ark.Stat.Ann. § 62–2010 (Supp. 1961). [Emphasis ours.]

The above language clearly and unambiguously sets out the requirement for making "application to the probate court." Willie V. Minchew and J. C. Minchew filed their verified petition three days after the death of the testator. In so doing they complied with the provisions of Ark. Stat.Ann. § 62–2125. Nowhere in the Probate Code is more required than that the application be filed. To rule that, in addition, a personal appearance before the probate judge is required would be to read into the statute more than is stated. For cases to the same effect from other jurisdictions,

see Dungan v. Superior Court, 149 Cal. 98, 84 P. 767; Price v. Marshall, 255 Ala. 447, 52 So.2d 149; Peter v. Peter, 343 Ill. 493, 175 N.E. 846, 75 A.L.R. 890.

Reversed.